PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
FILED
JUN 04 2018
David J. Bradley, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
### FOR THE _Southern_ DISTRICT OF TEXAS
_Corpus Christi_ DIVISION

_Fred G. Martinez #2061834_
Plaintiff's Name and ID Number

_TDCJ- Stiles Unit_
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

_Nueces County Sheriff's Office / Jail, and_
Defendant's Name and Address _Sheriff Jim Kaelin, and_

_All Booking Officer's under his direction,_
Defendant's Name and Address _individually and in their full capacity._

_901 Leopard St., Corpus Christi, TX 78401_
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

p. 1 of 17

Rev. 05/15

II.   PLACE OF PRESENT CONFINEMENT: _TDCJ- Stiles Unit_

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Fred G. Martinez - TDCJ # 2061834_
_3060 FM 3514_
_Beaumont, TX 77705_

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

_Nueces County Sheriffs Office/Jail, and Sheriff Kaelin,_
Defendant #1: _And All Booking officers under his direction._
_901 Leopard St., Corpus Christi, TX 78401_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Claim #1: Plaintiff suffered extreme cruel treatment_
_▓▓▓▓ as he was improperly jailed in an unauthorized_
_holding cell in excess of allowable time._

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_Claim #2: Holding cell of concern did not have_
_▓▓▓▓ Adequate facilities or sufficient_
_Supervision to support a long-term layover._

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_Claim #3: Plaintiff was denied proper food for_
_▓▓▓▓ the delinquent amount of time._

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Claim #4: Plaintiff was denied all forms of_
_▓▓▓▓ Communication for an EXCESSIVE_
_Amount of time, and denied access to courts._

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_Claim #5: Plaintiff was denied NEcessities such as a_
_mattress, pillow, blanket, undergarments and hygene_
_outside of any allowable commissions._

Rev. 05/15

_p. 3 of 17_

V.   **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See Attachment #1

*(Plaintiff to extend Declaration of Oath
   to Attachment #1)

VI.  **RELIEF:**

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

Monetary compensation for damages of deprivation,
pain and suffering from the cruel treatment,
and violations of Plaintiff's Const'l Rights.

VII. **GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Fred G. Martinez

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ# 2061834 —   SID# 00101341 72

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES  ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____

   2. Case number: _____

   3. Approximate date sanctions were imposed: _____

   4. Have the sanctions been lifted or otherwise satisfied?                    ___YES ___NO

p. 4 of 17

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?    ___ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warning was issued: _____

Executed on: **5-5-18**
         DATE

*Fred G. Martinez*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___**5ᵗʰ**___ day of ___**MAY**___, 20 **18**.
        (Day)             (month)         (year)

*Fred G. Martinez*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

CASE No. : _____

United States Courts
Southern District of Texas
FILED
JUN 0 4 2018
David J. Bradley, Clerk of Court

## Attachment #1

FRED G. MARTINEZ
   TDCJ #2021834,
      Plaintiff.

V.

NUECES Cty. Sheriff's Office / Jail,
AND NUECES Cty. Sheriff - Jim KAELIN,
AND All booking Deputies.

p. 6 of 17

## Attachment #1

I. _Introduction_: Plaintiff files this suit claiming various violations of his Constitutional rights layed out in State and Federal Statues, while in the care of _The Nueces County Sheriff/Nueces County Jail_, which has caused Nominial, Compensatory and Punitive Damages. These Acts derived from gross negligence, violating Plaintiff's 8th and 14th Amendment Rights of the U.S. Constitution.

Although lawful incarceration brings about necessary withdrawal of many privileges and rights, prisoners do not shed all their rights at the prison gates.   • _Madison v. Parker_, 104 F.3d 765.

Both, Convicted prisoners and pretrial detainees must be accorded the Constitutional Rights not fundamentally inconsistant with imprisonment itself or incompatable with objectives of incarceration; these rights include, reasonable rights to access to courts, freedom from invidious racial discrimination, reasonable opportunity to exercise right of religious freedom, and due process of law.
• _Wagner v. Thomas_, 608 F. Supp. 1095.

Inmates have rights to governmental regularity and humane treatment
• _Bihms v. Klevenhagen_, 928 F. Supp. 717

Prison Officials may not ignore obvious dangers to inmates.
• _Morris v. City of Alvin_, TEX., 950 F. Supp. 804

Plaintiff sought assistance from _The Commission on Jail Standards_, seeking investigation for the bad acts by Nueces County Jail Officials, to include:
(1) housed in an unauthorized jail cell,
(2) exceding the 48hrs timelimit to process,
(3) No minimal necessities,
(4) No adequate food,
(5) denial of all forms of communications, and
(6) denial of access to Courts.

_Plaintiff introduces the following information:_

P. 7 of 17

II. <u>Claim #1</u>: Plaintiff was wrongfully and illegally housed periodically in an inadequate jail cell for an extended amount of time exceeding the <u>48-hr</u> time-limit allowed for the booking process, * (see Exhibit #1), and as outlined in proper procedures layed out for minimal jail standards for Texas facilities.

The <u>Commission on Jail Standards</u> regulates compliance and enforces standards required from Jail Officials, which has <u>discovered various violations</u> produced from the investigation conducted by Official Authority. * (see Exhibits <u>#1</u> and <u>#2</u>)

The Commission has determined that this <u>AREA OF CONCERN did exist</u>, which created the malefactions. * (see Exhibit #1).

This particular area was refered to by inmates as "The Dungeon," which was located in the harsh confinds of the jails basement that held extremely limited facilities, no proper sanitation and poor supervision, among other bad substances. * (see Inmates Declaration <u>#1</u>, <u>#2</u> and <u>#3</u>.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. <u>U.S.C.A. Const. Amd. 8</u>.
- <u>Nettles v. Griffith</u>, 883 F. Supp. 136;
  <u>Vega v. Parsley</u>, 700 F. Supp. 879.

Like all prison officials, supervisory officials have a duty to take reasonable measures to protect inmates. <u>U.S.C.A. Const. Amd 8</u>.
- <u>Johnson v. Johnson</u>, 385 F. 3d 503.

<u>Claim #2:</u>  <u>Plaintiff suffered cruel treatment</u> As he was forcefully housed in an unauthorized jail cell in the jail's basement on multiple occasions, starting on <u>March 23, 2016,</u> and ultimately ending on <u>April 26, 2016</u> * (see Exhibits <u>#1</u> and <u>#2</u>)

This holding cell of concern held <u>No Adequate facilities,</u> not fit for long term holding, and carried insufficient jail accommodations. Plaintiff was denied proper access to showers, as outlined for minimal jail standards, (every other day, or sooner if possible), And was not afforded daily clean change of clothing.

The Jail violated Plaintiff's 8th Amendment Rights by Acting in deliberate indifference when deprived of sanitation, proper working toilets and sink, sanitary supplies, Adequate shower, for the extended amount of time, which alines with gross negligence.
- <u>Sanford v. Brookshire,</u>  879 F. Supp. 691.

Inmates of County Jail should be provided with clean change of clothes everyday.
- <u>Alberti v. Sheriff of Harris County, Tex.,</u> 406 F. Supp. 649.

p. 9 of 17

<u>Claim #3:</u>  Plaintiff was <u>denied Adequate food</u> for the delinquency of time specified while forced into the unauthorized jail cell.

Care and feeding of inmates are services for which Penal Institutions may be liable under <u>Tex. Tort Claims Act,</u> since they are only incidental to police protection.
VTCA Civil Practice and Remedies Code §101.0215
  • <u>Alvarado v. City of Brownsville,</u> 865 S.W.2d 148.

To comply with the Constitution, inmates must receive "Reasonable Adequate Food." <u>U.S.C.A. Const. Amd. 14.</u>
  • <u>Eason v. Thaler,</u> 73 F.3d 1322.

Plaintiff was fed poorly with ineatable, outdated bologna sandwiches, and was fed [ONLY] these sandwiches for the duration of <u>18 days</u> in <u>March/April,</u> and again for <u>4 days</u> in <u>May 2016</u>. *(see Exhibits <u>#1</u> and <u>#2</u>).

<u>Spoiled food</u> is generally considered "No Food", and is defined as deprivation of food, which violates Plaintiffs 8th Amendment Rights.

Continuously being denied food and water presents a set of facts that may entitle a prisoner to relief,
  • <u>Garrett v. Borden,</u> 202 S.W.3d 463, and inmate's alligations of being held in detention for an extended amount of time without receiving food was sufficient to state a cause of action, <u>Garret.</u>

P.10(a) of 17

<u>Claim #4</u>: Plaintiff was <u>denied all forms of communication</u> And <u>access to courts</u>, to include:

(1) deprivation of phone privileges,

(2) access to commissary to purchase mailing supplies,

(3) access to the law library to seek legal assistance for current case,

which directly <u>affected the outcome</u> of his trial.

The first instance of the violations occured on or about <u>March 23, 2016</u>, and continued until <u>May 26, 2016</u>, while forced into the unauthorized jail cell.

Prison Jail officials may restrict telephone privileges in reasonable manner, but some limitations imposed on prisoners for use of telephone <u>may violate</u> inmates constitutional rights.

 • <u>McMaster v. Pung</u>, 984 F.2d 948. 953.

Prison officials <u>may not</u> deny or obstruct inmate's access to courts.

 • <u>Bounds v. Smith</u>, 430 U.S. 817;

 <u>Johnson v. Avery</u>, 393 U.S. 483;

 <u>Sands v. Lewis</u>, 886 F.2d 1166.

<u>Claim #5:</u> Plaintiff was <u>denied minimal necessities</u> of a mattress, blanket, undergarments and all hygiene, as he slept on an extremely cold concrete floor of the basement of the jail, for the extended amount of time (total of 22 days), while forced into the unauthorized jail cell.

Plaintiff was also denied a pillow, which he can factually prove to be a medical necessity.

Prisoners have a right to protection from extreme cold, • <u>Palmer v. Johnson,</u> 193 F. 3d 346, which these bad acts are considered "gross negligence" and violates <u>Const. Amd 8.</u>

The Commission's investigation reveals that Plaintiff was not officially housed until after <u>18 days</u>, plus another <u>4 days</u>, and was in "HOLDING," which the jail claims that inmates are <u>not entitled</u> to any such items while in holding, and only after an inmate is transferred to <u>proper housing.</u> * (see Exhibits <u>#1</u> and <u>#2</u>).

Plaintiff shows he was deprived of minimal measures of life necessities violating <u>U.S.C.A. Const. Amd. 8, 14; 42 U.S.C.A. § 1983</u>

Medical care of inmates are services for which Penal Institutions may be liable under <u>Tex. Tort Claims Act (TTCA),</u> since they are only incidental to police protection.
<u>VTCA Civil Practice and Remedies Code § 101.0215</u>
<u>U.S.C.A. Const. Amd. 8</u>

III. <u>Conclusion</u>: The Custodial Officer's foul treatment of Plaintiff clearly lays parallel with the definitions of "<u>Cruel and Unusual Punishment</u>," which has violated his <u>8th</u> and <u>14th</u> Amendment Rights guaranteed by the U.S. Constitution.

Officer's actions are not adequately justified and show to have clearly deluted Plaintiff's equal protection rights. Officers were fully aware of the foul treatments and Constitutional violations; trampling on Plaintiff's due process rights.

Officers plainly surpassed the allowable <u>48-hrs time limit</u> for processing of inmates, as plaintiff was set into an unauthorized <u>jail cell not fit</u> for long term holding, and forcefully set in this area for over any feasable time to process, and further, <u>was grossly abused</u> throughout this process.

Plaintiff suffered physically, mentally and medically as he experienced bad acts by the <u>Nueces County Sheriff's Deputies</u> on assignment in booking, while he was under the care of the <u>Nueces County Sheriff's Office</u> / <u>Nueces County Jail</u>, and as officers were under direct charge of the <u>Nueces County Sheriff</u>.

• Under Texas Law, the Sheriff owes a duty to prisoners to keep safely a person committed to his custody.
   – Vernon's Ann. Texas Civ. St. Art. 5116
   – Vernon's Ann. Texas C.C.P. Art. 16.21
• <u>Alberti v. Heart</u>, 600 F. Supp. 443

These extreme bad acts of gross negligence caused Plaintiff to experience cruel physical punishment, prolonged mental anguish, stress, and directly impeded his efforts of accessing the Courts, which ultimately led to a <u>flawed defense</u> for lack of communication.

This treatment was certainly unreasonable, and <u>not</u> accidental or unforeseen, but instead, deliberate with full instruction from higher Authority, setting the "<u>Cruel and Unusual Punishment</u>," which caused atypical and significant hardship, <u>violating 8th and 14th Amendment Rights</u>, when such acts give rise to a liberty interest protected by due process of law.

P. 10(d) of 17

<u>Due Process is a Constitutional Law</u> and holds provisions that prohibits the government from unfairly or arbitrarily depriving a person of <u>life</u>, <u>liberty</u>, or <u>property</u>.
——⟨Plaintiff clearly shows to have REASONABLE CAUSE in filing this claim.⟩

---

If no single claim of deficiency amounts to prejudice, the reviewing court must access the commutitive impact of all deficiency claims.
- <u>Williams v. Taylor</u>, 529 U.S. 362 (2000);
  <u>Washington v. Smith</u>, 219 F. 3d 620. 634-35 (2000).

---

The 2-yr time limitation for filing a claim should not be applied in civil rights actions in Federal Courts based on incarceration of Plaintiff.
- <u>Vernon's Ann. Civ. St. 5535</u>
- <u>Stephen v. Curtis</u>, S.D. Tex. 1978. 450 F. Supp. 141;
  <u>Jenkins v. State</u>, (Civ. App. 1978) 570 S.W. 2d 175.

---

Plaintiff is not an attorney, and has the expectancy of this proceeding to be liberally construed, in which, A Plaintiff cannot be held to the same standards of Articulation as an attorney, when Plaintiff proceeds pro se.
- <u>Henderson v. Beto</u>, 309 F. Supp. 244;
  <u>Bledsue v. Johnson</u>, 188 F. 3d. 250.

---

IV. Facts for Consideration - Exhibits #1 and #2.

- On Jan. 4, 2017, Inspector Jackie Semmier from the Commission on Jail Standards corresponded with Plaintiff regarding her investigative findings of various violations (Exhibit #1), to include:

  (A) An unauthorized area of concern did exist;

  (B) An excess of 48-hrs time-limit to process had occured;

  (C) All inmates receive sandwiches until transferred to a housing unit, and

  (D) All inmates are issued hygene when transferred to proper housing unit.

- Inspector Semmier states that "A change to procedures was enacted" and found these violations occuring only on 5/23/2016 to 5/26/2016 (4 days). And closed her case, but states that "they will continue to monitor to ensure compliance;" (meaning; they were found to be in violation.)

- Plaintiff immediately petitioned The Commission to investigate further, as the investigation did not fully reveal all dates in question, (Mar/April).

- On Feb. 9, 2017, Asst. Dir. Shannon J. Herklotz from the Commission on Jail Standards determined that NO violations of jail standards had occured, (Exhibit #2-p.1)

- Yet, Inspector Semmier's findings in her initial investigation reveals otherwise, (Exhibit #1).

- But, Asst. Dir. Herklotz investigation ultimately does reveal an additional 18 days, from March 23, 2016 to April 11, 2016.

- Facts clearly show that Plaintiff was not officially housed into proper housing until April 11, 2016, causing the initial violations for these additional 18 days discovered, (Exhibit #2-p.2).

- Findings do show Plaintiff was alternately housed from holding area and Unit 4R, (Unit 4R is 100% restricted holding cells).

- Facts also state that "inmates in holding are provided a shower every other day as outlined in minimum jail standards;"

- But, Asst. Dir. Herklotz [omits] any findings of the jail actually doing so, as where Investigator Semmier's results reveal this type of findings in initial investigation, (Exhibit #1).

— (Asst. Dir. Shannon J. Herklotz, (from The Commission on Jail Standards) ➤ denying Plaintiff's claims are transparent efforts to gloss over the facts of the initial findings of the bad acts discovered by Investigator Summier, • finally realizing it was actually a total of 22 days; not simply 4 days, ➤ Asst. Dir. is now attempting to retract from the initial findings.)

<u>PRAYER:</u> Wherefore, Plaintiff prays for relief and respectfully seeks a monetary Judgement for Nominal, Compensatory and Punitive Damages for the Aggregate of all foul actions, which were acted out by numerous Sheriff Deputies while under direct command of the Nueces County Sheriff, for the multiple Constitutional violations, governed by State and Federal Statutes.

Plaintiff seeks a total sum of <u>$2.2 million dollars</u> ($2,200,000.) . Plaintiff suffered for a total of the duration of <u>22</u> days and seeks one-hundred thousand dollars per day for every day of foul actions, pain and suffering, and related damages, and any additional relief this court deems just, proper, and equitable.

Respectfully submitted;

5-5-18
DATE

Fred G. Martinez

p. 10 of 17

| 102,585 MEDICAL CO-PAY OWED: | .00 | LOCATION: DORM A-2 | | UNIT: | | P1 |

LOCATION: DORM A-2       UNIT: P1
NAME: MARTINEZ, FRED JR
DATE: 10/31/17   ACCOUNT NUMBER: 02061834

FEDERAL COURT FEE OWED: .00
TEXAS COURT FEE/CHARGE OWED: .00
INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00   BEGINNING BALANCE: 308.75

| 1/17 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 19 | WU E DELGADO | | 50.00 | 358.75 |
| 19 | WP WEB SALE E DELGADO | | | 358.75 |
| 11 | WS RECEIPT OF WEB SALE | | | 358.75 |
| 17 | CM | 70.34 | | 288.41 |
| 19 | CM | 23.80 | | 264.61 |
| 24 | WU M JETT | | 50.00 | 314.61 |
| 24 | CM | 57.65 | | 256.96 |
| 26 | CM | 16.60 | | 240.36 |
| 30 | MF 0010000 0000000UTMB   UT P1 102717 | 100.00 | | 140.36 |

| 102,035 MEDICAL CO-PAY OWED: | .00 | TFSTMT |

A5-A11C4

LOCATION: DORM A-4       UNIT: P1
NAME: MARTINEZ, FRED JR
DATE: 11/30/17   ACCOUNT NUMBER: 02061834

FEDERAL COURT FEE OWED: .00
TEXAS COURT FEE/CHARGE OWED: .00
INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00   BEGINNING BALANCE: 140.36

| 1/17 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 16 | CM | 39.95 | | 100.41 |
| 27 | WU M JETT | | 50.00 | 150.41 |
| 28 | WU E DELGADO | | 65.00 | 215.41 |

| 102,711 MEDICAL CO-PAY OWED: | .00 | TFSTMT |

ZG1-14T

LOCATION: ADM SEG PH   UNIT: ST P1
NAME: MARTINEZ, FRED JR
DATE: 12/29/17   ACCOUNT NUMBER: 02061834

76-14

FEDERAL COURT FEE OWED: .00
TEXAS COURT FEE/CHARGE OWED: .00
INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00   BEGINNING BALANCE: 215.41

| 1/17 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 2 | CM | 9.42 | | 205.99 |
| 9 | CM | .00 | | 205.99 |

p. 13 of 17

**STATE OF TEXAS** 20,871 MEDICAL CO-PAY OWED: .00

FEDERAL COURT FEE OWED: .00

TEXAS COURT FEE/CHARGE OWED: .00

INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00

LOCATION: BLDG 7-G-1 ROW 14   UNIT: ST

NAME: MARTINEZ, FRED JR

DATE: 01/31/18   ACCOUNT NUMBER: 02061834

BEGINNING BALANCE: 205.99

| /18 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 7 | CM | 44.55 | | 161.44 |

---

**STATE OF TEXAS** 120,381 MEDICAL CO-PAY OWED: .00   TFSTMT

FEDERAL COURT FEE OWED: .00

TEXAS COURT FEE/CHARGE OWED: .00

INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00

LOCATION: BLDG 7-G-1 ROW 14   UNIT: ST

NAME: MARTINEZ, FRED JR

DATE: 02/28/18   ACCOUNT NUMBER: 02061834

BEGINNING BALANCE: 161.44

| /18 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 01 | CM | 49.77 | | 111.67 |
| 05 | WU D MARTINEZ | | 30.00 | 141.67 |
| 09 | WU M JETT | | 50.00 | 191.67 |
| 6 | CN | 56.82 | | 134.85 |
| 3 | WU E DELGADO | | 100.00 | 234.85 |

---

**STATE OF TEXAS** 20,812 MEDICAL CO-PAY OWED: .00   TFSTMT

FEDERAL COURT FEE OWED: .00

TEXAS COURT FEE/CHARGE OWED: .00

INDIGENT SUP. OWED: .00   OTHER HOLD AMOUNT .00

LOCATION: BLDG 7-G-1 ROW 14   UNIT: ST

NAME: MARTINEZ, FRED JR

DATE: 03/30/18   ACCOUNT NUMBER: 02061834

BEGINNING BALANCE: 234.85

| /18 | ITEM/DESCRIPTION | WITHDRAWALS | DEPOSITS | BALANCE |
|---|---|---|---|---|
| 1 | CM | 69.40 | | 165.45 |
| 2 | WU D MARTINEZ | | 40.00 | 205.45 |
| 8 | CM | 37.75 | | 167.70 |

P.14 of 17

INMATE TRUST FUND ACCOUNTS ARE DEMAND ACCOUNTS. YOU WILL NOT EARN ANY INTEREST. YOU MAY WANT TO DEPOSIT EXCESS FUNDS IN A SAVINGS INSTITUTION OF YOUR CHOICE.

Fred G. Martinez
   TDCJ#2061834;
    Plaintiff.

V.

Nueces Cty. Sheriff's Office/Jail,
and Sheriff Jim Kaelin, And All
Booking Deputies under his command.

Declaration #1 of
Robert Garcia

Case No.: _____

## Declaration of Oath

On or About September 17, 2015   I, Robert Garcia   ,
TDCJ# 02079822 - SID# 10122327  , was incarcerated in the
Nueces County Jail.

    During the Booking process at this facility, I experienced
multiple foul actions exercised by Nueces County Deputies assigned
in the Booking Department. These bad acts include:

(1) Jailed in an unauthorized holding cell in the harsh confinds of
    the basement of the Nueces County Jail, referred to by
    inmates as "The Dungeon."

(2) Deprivation of:   (a) phone privileges
                      (b) Commissary
                      (c) law library
                      (d) Necessities
                      (e) adequate food
                      (f) showers

(3) Excess of the 48-hrs time-limit to process.

    I, Robert Garcia  , in the TDCJ- Stiles Unit ,
declare under penalty of perjury that the foregoing instrument
is true and correct.

    Executed on the 10th day of May , 2018.

Declaree

Fred G. Martinez
TDCJ#2061834,
Plaintiff.

v.

Nueces Cty. Sheriff's Office/Jail,
and Sheriff Jim Kaelin, and All
Booking Deputies under his Command.

United States Courts
Southern District of Texas
FILED

JUN 04 2018

David J. Bradley, Clerk of Court

Declaration #2 of
Jesco Rodriguez

Case No.: _____

## Declaration of Oath

On or about 1-2-15 _____, I Jesco Rodriguez _____,
TDCJ# 1985545 — SID# _____, was incarcerated in the
Nueces County Jail.

During the Booking process at this facility, I experienced
multiple foul actions exercised by Nueces County Deputies assigned
in the Booking Department. These bad acts include:

(1) Jailed in an unauthorized holding cell in the harsh confines
   of the basement of the Nueces County Jail, refered to by
   inmates as "The Dungeon."

(2) Deprivation of:   (a)  phone privileges
                      (b)  commissary
                      (c)  law library
                      (d)  necessities
                      (e)  adequate food
                      (f)  showers

(3) Excess of the 48-hrs time-limit to process.

I, Jesco Rodriguez _____, in the TDCJ-Stiles Unit,
declare under penalty of perjury that the foregoing instrument
is true and correct.

Executed on the 10th day of May _____, 2018.

Jesco Rodriguez
Declaree

p. 15(b) of 17

Fred G. Martinez
    TDCJ#2061834,
    Plaintiff.

V.

Nueces Cty. Sheriff's Office/Jail,
And Sheriff Jim Kaelin, and All
Booking Deputies under his command.

United States Courts
Southern District of Texas
FILED

JUN 04 2018

David J. Bradley, Clerk of Court

Declaration #3 Of

Ruben Ramos

Case No. _____

## Declaration of Oath

On or About March. 20.2011 I, Ruben Ramos _____,
TDCJ#01723401 _____, SID#_____, was incarcerated
in the Nueces County Jail.

   During the Booking process at this facility, I experienced
multiple foul actions exercised by Nueces County Deputies assigned
in the Booking Department. These bad acts include:

   (1) Jailed in an unauthorized holding cell in the harsh confinds
       of the basement of the Nueces County Jail, referred to
       by inmates as "The Dungeon."

   (2) Deprivation of:    (a)  phone privileges
                          (b)  commissary
                          (c)  law library
                          (d)  necessities
                          (e)  Adequate food
                          (f)  showers

   (3) Excess of the 48-hrs time-limit to process.

   I, Ruben Ramos _____, in the TDCJ-Stiles Unit,
declare under penalty of perjury that the foregoing instrument
is true and correct.

   Executed on the __16th__ day of __May_____, 2018.

                                    [signature] TDC# 01723401
                                    Declaree

p. 15(c) of 17

# TEXAS COMMISSION ON JAIL STANDARDS

**EXECUTIVE DIRECTOR**
Brandon S. Wood

*Exhibit # 1*



P.O. Box 12985
Austin, Texas 78711
Voice: (512) 463-5505
Fax: (512) 463-3185
http://www.tcjs.state.tx.us
info@tcjs.state.tx.us

January 24, 2017

Fred Martinez TDCJ # 2061834
C/O Connally Unit
899 FM 632
Kenedy, TX. 78119

Dear Mr. Martinez:

Your concerns regarding the Nueces County Jail have been reviewed by the inspector. After reviewing the allegations with the staff of the jail, <u>it was determined that an area of concern did exist.</u> In your letter you stated that <u>you were held in holding for 18 days.</u> Staff is reporting that you were booked on 5/23/2016 and transferred to housing on 5/26/2016 <u>which is in excess of 48 hours.</u> Upon notification, Nueces County Officials took immediate action to resolve the issues and <u>a change to procedures was enacted.</u> Thank you for bringing this to our attention.

Furthermore, staff is reporting that <u>all inmates that are in holding receive sandwiches until they are transferred to a housing unit.</u> Staff reported that you received a shower on 5/24/2016 and then had access to a shower 16 hours a day. Minimum jail standards requires that inmate each inmate shall be given the opportunity to shower at least every other day or more often if possible. As for not being allowed proper hygiene, staff report that it is standard policy that <u>inmates are issued hygiene supplies when they are transferred to the proper housing unit.</u>

Please be advised the Texas Commission on Jail Standards has regulatory authority over county and privately operated jails that house county and out of state inmates. Our commission regulates jails to insure that they are in compliance with minimum standards. The issue that you addressed in your letter being transferred to TDCJ within 72 hours does not fall under our purview. I recommend that you direct your concerns to the sheriff or jail administrator.

While this investigation will be closed, this agency will continue to monitor the Nueces County Jail to ensure compliance with minimum jail standards.

Best regards,

Jackie Semmler
Inspector

*p. 15(a) of 17*

Judge Bill Stoudt, Longview, Chair          Sheriff Dennis D. Wilson, Groesbeck          Larry S. May, Sweetwater
Jerry W. Lowry, New Caney, Vice Chair          Sheriff Kelly Rowe, Lubbock          Allan D. Cain, Carthage
Irene A. Armendariz, Austin          Dr. Esmaeil Porsa, M.D., Parker

"The Commission on Jail Standards welcomes all suggestions and will promptly respond to all complaints directed against the agency or any facilities under its purview".
*To empower local government to provide safe, secure and suitable local jail facilities through proper rules and procedures while promoting innovative programs and ideas*

# TEXAS COMMISSION ON JAIL STANDARDS

**EXECUTIVE DIRECTOR**
Brandon S. Wood



P.O. Box 12985
Austin, Texas 78711
Voice:  (512) 463-5505
Fax:  (512) 463-3185
http://www.tcjs.state.tx.us
info@tcjs.state.tx.us

*Exhibit # 2 p. 1*

February 9, 2017

Fred G. Martinez #2061834
899 FM 632
Kenedy, Texas 78119

Dear Mr. Martinez:

Your concerns regarding the Nueces County Jail have been reviewed by the assistant director.  After reviewing the allegations with the staff of the Nueces County Jail and Inspector Jackie Benningfield, it was determined that **no** violation of jail standards has occurred.

Mr. Martinez, records reveal the following:

- 16-Mar-23 @ 1652 Hrs.      You were booked into the Nueces County Jail
- 16-Mar-25 @ 1349 Hrs.      You were transferred to Unit 4R from holding pending protective custody housing due to charge ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
- 16-Mar-26 @ 2043 Hrs.      You were transferred to holding from Unit 4R due to conflicts with cellmate
- 16-Mar-26 @ 2240 Hrs.      You were returned to Unit 4R.
- 16-Mar-27 @ 0157 Hrs.      You were transferred to holding from Unit 4R after you stated that you feared for your safety.
- 16-Apr-01 @ 1345 Hrs.      You refused transfer to Unit 4R; remained in holding.
- 16-Apr-05 @ 1352 Hrs.      You were transferred to Unit 4R from holding.
- 16-Apr-05 @ 1836 Hrs.      You were transferred to holding from Unit 4R due to making suicidal statements and placed on watch.
- 16-Apr-06 @ 1521 Hrs.      You were transferred to Unit 4R after released from watch in holding.
- 16-Apr-11 @ 1209 Hrs.      You were transferred to Unit 4H from Unit 4R – protective custody housing.
- 16-May-05 @ 1538 Hrs.      You were transferred to Unit DSA (McKinzie Annex) from Unit 4H – protective custody housing.
- 16-May-09 @ 0156 Hrs.      You were transferred to holding from Unit DSA pending release to TDCJ-ID.
- 16-May-09 @ 0916 Hrs.      You were released to TDCJ-ID.

*p. 16 of 17*

---

Judge Bill Stoudt, Longview, Chair                                    Sheriff Dennis D. Wilson, Groesbeck                              Larry S. May, Sweetwater
Jerry W. Lowry, New Caney, Vice Chair                              Sheriff Kelly Rowe, Lubbock                                        Allan D. Cain, Carthage
Irene A. Armendariz, Austin                                                                                                                   Dr. Esmaeil Porsa, M.D., Parker
"The Commission on Jail Standards welcomes all suggestions and will promptly respond to all complaints directed against the agency or any facilities under its purview".
To empower local government to provide safe, secure and suitable local jail facilities through proper rules and procedures while promoting innovative programs and ideas

# TEXAS COMMISSION ON JAIL STANDARDS

**EXECUTIVE DIRECTOR**
Brandon S. Wood



P.O. Box 12985
Austin, Texas 78711
Voice: (512) 463-5505
Fax: (512) 463-3185
http://www.tcjs.state.tx.us
info@tcjs.state.tx.us

*Exhibit #2 p. 2*

Cpt. Martin Arnold advises and TCJS records indicate that Nueces Co. Jail was granted a variance to double bunk 96 single cells. This action was approved by our nine member Commission in 2008. Cpt. Arnold also advises that per Nueces Co. Jail policy, bedding and hygiene items are NOT allowed in the holding or detoxification cells unless approved by the medical staff. <u>Inmates in holding are provide a shower every other day as outlined in minimum jail standards.</u>

This is your final appeal. We will be taking **no** further action and have closed this case. While this investigation will be closed, this agency will continue to monitor the Nueces County Jail to ensure compliance with minimum jail standards.

Sincerely,

*Shannon J. Herklotz*

Shannon J. Herklotz
Assistant Director

*P. 17 of 17*

Judge Bill Stoudt, Longview, Chair
Jerry W. Lowry, New Caney, Vice Chair
Irene A. Armendariz, Austin

Sheriff Dennis D. Wilson, Groesbeck
Sheriff Kelly Rowe, Lubbock

Larry S. May, Sweetwater
Allan D. Cain, Carthage
Dr. Esmaeil Porsa, M.D., Parker

"The Commission on Jail Standards welcomes all suggestions and will promptly respond to all complaints directed against the agency or any facilities under its purview".
*To empower local government to provide safe, secure and suitable local jail facilities through proper rules and procedures while promoting innovative programs and ideas*

CASE No. _____

United States Courts
Southern District of Texas
FILED

JUN 0 4 2018

David J. Bradley, Clerk of Court

FRED G. MARTINEZ
TDCT#2061834,
PLAINTIFF.

V.

NUECES County Sheriff's Office / Jail,
And Sheriff Jim KAELIN,   And
All Booking Officers Under his direction,
individually and in their full capacity.

Cover

To: U.S. District Court
Southern District
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401

From: Fred G. Martinez
#2061834- Stiles
3060 FM 3574
Beaumont, TX 77705

United States Courts
Southern District of Texas
FILED

JUN 0 4 2018

David J. Bradley, Clerk of Court

Dear Clerk:

Enclosed you will find a complaint with supporting evidence, a Pauper's Affidavit, and a Request for assignment of Legal Representation.

Please file these documents accordingly and bring to the attention of the Court.

Thank you,

_Fred G. Martinez_

5-5-18
Date

Cover

Fred G. Martinez
#2061834-Stipe
3060 FM 3514
Beaumont, TX 77705

United States Courts
Southern District of Texas
FILED

JUN 0 4 2018

David J. Bradley, Clerk of Court

U.S. District Court
Southern District
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401




U.S. POSTAGE PAID
BEAUMONT, TX
77705
MAY 30 18
AMOUNT
$0.00
R2305H130487-10

1000
78401