United States District Court
Southern District of Texas
Corpus Christi Division

United States Courts
Southern District of Texas
FILED
JUL 11 2018
David J. Bradley, Clerk of Court

Fred G. Martinez
TDCJ#2061834,
Plaintiff.

v.

Nueces County Sheriff's
Office/Jail, et al,
Defendants.

Supplemental Evidence

Civil Action No: 2:18-CV-158

## Exhaustion of Administrative Remedies

The P.L.R.A. states that "No action shall be brought with respect to prison conditions... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." • 42 U.S.C.A. § 1997e(a)

Very rarely, exhaustion may not be required if you can show that you were unable to file a grievance through "No fault of your own."

The U.S. Supreme Court case, Jones v. Bock, 549 U.S. 199 (2007), the Court stated that prisoners do not need to show in their complaint that they have exhausted all grievance procedures.

---

In Plaintiff's case, "administrative" remedies were not physically exhausted, due to unmanageable circumstances, out of Plaintiff's control, but underlying issues shall render otherwise.

(1) Plaintiff's efforts to grievance the foul treatment as it progressed was merely impossible, as where he was set in holding for (18) days and not permitted any materials to communicate.

(2) Plaintiff only had (30) days to build a meritorious case to petition for a "New Trial," and had exhausted (18) of those days in holding.

(3) Plaintiff's efforts to complain about foul treatment was temporarily set aside, as time was of the essence, and upon being placed in proper housing, a petition for a new trial had become priority.

(4) Nueces County Jail officials indirectly impeded in the efforts to exhaust remedies, holding great consequences for the foul actions, causing delays at all levels.

(5) Although Plaintiff <u>did</u> meet the time restraint to file his petition, the short time that remained <u>did not</u> allow to build a rigid argument, ultimately causing his case to collapse.

(6) After Plaintiff's strenuous situation to challenge his case had concluded, he refocused on the underlying issues related to the cause of the faulty defense and issues of foul treatment.

(7) Nueces County Jail (Annex) would not provide proper documents needed to redress his complaints.

(8) Plaintiff wrote, on plain writing paper, to administration various times, seeking relief, but was soon transferred from this facility to TDCJ custody, losing track of complaints.

(9) "Request for Information" (I-60), provided by TDCJ, does not communicate with County Jails, which are outside of communication networks, causing a further issue.

(10) Plaintiff instead, sought out <u>The Commission on Jail Standards</u> to assist in the matter, as investigation revealed various violations.

(11) These violations caused extensive injury to Plaintiff, derived from the irregularities in administrative procedures, inflicted by the Nueces County Jail officials.

To Plaintiff's belief, complaints filed to the Commission on Jail Standards would be the supreme venue to exhaust such complaints. Although exhaustion was not directly to Nueces County Administration, the facts of the investigation rendered results favorable enough to raise civil action.

Eventhough exhaustion of the Nueces County Administrative grievance system (if any) was not fulfilled directly, the facts of the Constitutional violations stand true, caused by the negligence of the Nueces County Jail officials.

Plaintiff claims Nueces County Jail officials prevented him from exhausting administrative remedies, but makes sufficient showing of substantial efforts to obtain a remedy. Irregularities in administrative process itself prevented Plaintiff from exhausting his remedies.

28 U.S.C.A. §§ 2671-2680, 2675(a)
Fed. Rules Civ. Proc. - Rule 12(b)(1). 28 U.S.C.A.

- Shah v. Quinlin, 901 F.2d 1241.

As a general proposition, administrative remedies need not to be exhausted as a prerequisite to an action brought under civil rights law, 42 U.S.C.A. § 1983; and failure to exhaust administration remedies does not deprive a trial court of jurisdiction over a § 1983 claim. 42 U.S.C.A. § 1983.

- Dallas County v. Gonzales, 183 S.W. 3d 94.

Plaintiff prays this Honorable Court consider the above supplemental evidence in support of his civil action.

Signed on the 8th day of July, 2018.

Respectfully submitted,

2061834
TDCJ#

Fred G. Martinez, Plaintiff

## Declaration of Oath

I, Fred G. Martinez, Plaintiff, pro se being presently in the TDCJ-Stiles Unit, declare under penalty of perjury that, according to my belief, the facts stated in the above instrument are true and correct.

Executed on the 8th day of July, 2018.

2061834
TDCJ#

Fred G. Martinez, Plaintiff

Fred G. Maebner
#306K34-Stiles
3060 FM 3514
Beaumont, TX 77705

NORTH HOUSTON TX 773
09 JUL 2018 PM 9 L

U.S. District Court
Southern District
1133 N. Shoreline Blvd.
Corpus Christi, TX 78401

78401-200399

United States Courts
Southern District of Texas
FILED

JUL 11 2018

David J. Bradley, Clerk of Court