Plaintiff's Amended Complaint

Attachment #1

Case No. 2:18-CV-158

F. Martinez v. Nueces County Sheriff

## Attachment #1

### I. Jurisdiction and Venue:

A). This is a civil action authorized by 42 U.S.C. Sec. 1983 to redress deprivation, under color of state law, of rights secured by the U.S. Constitution.

B). The Court has jurisdiction under 28 U.S.C. Sec. 1331 and 1343(a)(3), as Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Sec. 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sec. 2283 and 2284, and Rule 65 of the Fed. Rules of Civ. Proc.

C). The Southern Dist. of Texas, Corpus Christi Div., is an appropriate venue under 28 U.S.C. Sec. 1391(b)(2), because it is where the events giving rise to this claim occured.

### II. Plaintiff:

A). Fred G. Martinez, is and was at all times mentioned herein a prisoner of the State of Texas, in the custody of the Texas Department of Criminal Justice. He is currently confined in the Stiles Unit in Beaumont, Texas.

### III. Defendants:

A). Jim Kaelin, is the Sheriff of Nueces County, Texas. He is legally responsible for the overall operations of the Nueces County Jail.

B). Officer Perales; (Hispanic, tall, husky, light complected, with a rainbow colored tattoo on forearm), is a deputy in the Nueces County Jail, assigned to the Booking Department, at the specified times mentioned.

C). Officer Zapata; (Hispanic, short, small built, medium complected, known as a former cheerleader), is a deputy in the Nueces County Jail, assigned to the Booking Department, at the specified times mentioned.

D). All other Deputies/employees, not mentioned above, on assignment in the Booking Department, from March 23, 2016 to May 26, 2016, in the Nueces County Jail, to include all undeputized employees.

E). Officer ???, participated in the faulty investigation conducted by the Texas Commission on Jail Standards, and a deputy in the Nueces County Jail.

F). The Texas Commission on Jail Standards; conducted a faulty investigation.

G). Inspector Jackie Benningfield, participated in a faulty investigation.

H). Asst. Director Shannon J. Herklotz; participated in a faulty investigation.

• Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

### IV. Facts:

A). Plaintiff files this suit, claiming various violations of his Constitutional rights layed out in State and Federal statutes.

B). Plaintiff was remanded into custody, entrusted to the Nueces County Sheriff's Office/Jail, on March 23, 2016, to keep safely confined.

C). Plaintiff complains of foul treatments, while in the care of the Nueces County Sheriff, by his deputies/employees, under his direction, starting on March 23, 2016, and ultimately ending on May 26, 2016.

D). Plaintiff also suffered unfair administration, when he prompted the Texas Commission on Jail Standards to properly investigate, as the results were botched.

E). Plaintiff attests that these bad acts were deeds of "deliberate indifference" and "gross negligence," which caused substantial injury, violating his 1st, 8th and 14th Amendment Rights to the U.S. Constitution.

### V. Premise:

Plaintiff has the right to governmental regularity and humane treatment, Bihms v. Klevenhagen, 928 F. Supp. 717; and prison officials may not ignore these obvious dangers to inmates, Morris v. City of Alvin, TX, 950 F. Supp. 804. Although lawful incarceration brings about necessary withdrawel of many privileges and rights, Plaintiff did not shed all his rights at the prison gates, Madison v. Packer, 104 F. 3d 765.

p.1

Both, convicted prisoners and pretrial detainees must be accorded these Constitutional rights, not fundamentally inconsistend with imprisonment itself, or incompatable with objectives of incarceration; these rights include reasonable rights to access to courts, freedom from invidious racial discrimination, reasonable opportunity to exercise right of religious freedom, and due process of law, •Wagner v. Thomas, 608 F. Supp. 1095.

State owes duty, to both pretrial detainees and convicted state prisoners, that effectively confers upon them a set of Constitutional rights that fall under rubic of "basic human needs," ie, food, clothing, shelter, medical care, and reasonable safety, U.S.C.A. Const. Amd. 8, 14,
• Jolly v. Klein, 923 F. Supp. 931 (1996).

Plaintiff sought assistance from Texas Commission on Jail Standards, seeking investigation for the bad acts brought by Nueces County Jail Officials, to include;
(A). housed in an inadequate, unauthorized holding cell,
(B). exceeding the 48-hrs time-limit to process and hold,
(C). denial of minimal necessities,
(D). denial of adequate food,
(E). denial of sanitation,
(F). denial of all forms of communications, and
(G). denial of access to courts.

Plaintiff bears the responsibility of proving a transgression, drawn from the improper conduct offered by an adverse party. Here, this heavy burden is overcome "by a preponderance of the evidence" and by the facts produced, by the investigation conducted by Official Authority of the Texas Commission on Jail Standards.

<u>Grounds:</u>                                           VI.

Plaintiff introduces the following information:

<u>Claim #1:</u> Plaintiff was wrongfully and illegally housed in an inadequate jail cell for an extended amount of time, exceeding the 48-hrs time-limit allowed for the booking/holding process, and as outlined in procedures laid out for minimal jail standards for Texas facilities, while being denied "basic human needs" and "access to courts", *(see: <u>Exhibit 1</u>). These foul acts started on March 23, 2016 to April 11, 2016, and again from May 23 to May 26, 2016.

The Commission on Jail Standards regulates compliance and enforces standards required from Jail Officials, which has discovered multiple violations, produced from the investigation conducted by Official Authority, *(see: <u>Exhibits #1 and #2</u>).

The Commission has determined that this area of concern did exist, which created the malefactions, *(see: <u>Exhibit #1</u>).

This particular area is referred to by inmates as "The Dungeon" which is located in the harsh confinds of the jail's basement, that held extremely limited facilities, no proper sanitation and poor supervision, among other foul substances, *(see: <u>Inmate's Declarations #1, #2 and #3</u>)

P. 2

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, U.S.C.A. Const. Amd. 8;
- Nettles v. Griffith, 883 F. Supp. 136;
- Vega v. Parsley, 700 F. Supp. 879.

Like all prison officials, supervisory officials have a duty to take reasonable measures to protect inmates, U.S.C.A. Const. Amd. 8;
- Johnson v. Johnson, 385 F.3d 503.

Failure of Texas prison officials to ensure that inmates are not subjected to any punishment, beyond that necessary for orderly control of the prison, constitutes as ongoing violations of the 8th Amendment prohibition against "Cruel and Unusual Punishment," U.S.C.A. Const. Amd. 8,
- Ruiz v. Johnson, 154 F. Supp. 2d 975 (2001).

---

**Claim #2:** Plaintiff was denied adequate sanitation, subjecting him to harm, while forcefully housed in an unauthorized jail cell in the harsh confines of the jail's basement on multiple occasions, starting on March 23, 2016 to April 11, 2016, and again, when plaintiff returned on bench warrant, from May 23-26, 2016, *(see: Exhibits #1 and #2).

This "holding cell of concern", held no adequate facilities, not fit for long term holding, and carried insufficient jail accommodations.

Plaintiff was denied proper access to showers, as outlined for minimal jail standards, (every other day or sooner, if possible), and was not afforded daily clean change of clothes.

Here, the jail violated plaintiff's 8th Amendment Rights by acting in deliberate indifference, when they knowingly deprived plaintiff of sanitation, proper working toilets and sinks, sanitary supplies, adequate showers, for an extended amount of time, which **aligns** with gross negligence,
- Sanford v. Brookshire, 879 F. Supp. 691;
- Gillis v. Litscher, 468 F. 3d 488 (2006);
- DeSpain v. Uphoff, 264 F. 3d 965 (2001), and inmates of county jails should be provided with clean change of clothes everyday,
- Alberti v. Sheriff of Harris County, Texas, 406 F. Supp. 649,
in which plaintiff's complaints are of matching criteria as stated above, proving foul play.

**Claim #3:** Plaintiff was denied adequate food for the delinquency of time, while being forced into an inadequate, unauthorized jail cell.

Plaintiff was fed poorly, with "inedible", outdated, spoiled bologna sandwiches, and was fed [only] these sandwiches for the duration of **18** days, starting on March 23 to April 11, 2016, and again for **4 days** on May 23 to May 26, 2016 *(see: Exhibit #1 and #2).

Although these sandwiches were not always spoiled, usually a **Hit-or-miss** situation, being fed only these sandwiches for the duration, alone, denies plaintiff his "right to Adequate and Nutritious meals."

Spoiled food is not considered "Reasonably Adequate", and defined as deprivation of food, violating Const. Amd. 8.

To comply with the Constitution, inmates must receive "Reasonably Adequate" food, U.S.C.A. Const. Amd. 14, • Eason v. Thaler, 73 F. 3d 1322.

p.3

continuously being denied food and water, presents a set of facts that may entitle a prisoner to relief, · <u>Garrett v. Borden</u>, 202 S.W. 3d 463, and when inmate's allegations of being held in detention for an extended amount of time, without being fed adequate food, was sufficient to state a cause of action, <u>Garrett</u>.

Care and feeding of inmates are services for which Penal Institutions may be liable under <u>Texas Tort Claims Act (TTCA)</u>, since they are only incidental to police protection, <u>V.T.C.A. Civil Practice and Remedies Code § 101.0215</u>, · <u>Alvarado v. City of Brownsville</u>, 865 S.W. 2d 148.

**Claim #4:** <u>Plaintiff was denied minimal necessities</u> of a mattress, blanket, undergarments and all hygene, as he slept on an extremely cold concrete floor of the basement, for the extended amount of time, total of (22) days, while being forced into the unauthorized, inadequate jail cell, starting on <u>March 23, 2016</u> to <u>April 11, 2016</u>, and again from <u>May 23, 2016</u> to <u>May 26, 2016</u>. Prisoners have a right to protection from extreme cold, <u>Palmer v. Johnson</u>, 193 F. 3d 346, which constitutes as "gross negligence", when needs are ignored, **violating Const. Amd. 8**, to the prohibition of "cruel and unusual punishment".

· Plaintiff was forced to sleep upright many times, as he suffered a medical condition, and was denied a pillow, in which he proves was a medical necessity, * (**SEE: Exhibit #3**).

Plaintiff continuously requested a mattress, pillow, blanket, among other needs.

**Plaintiff, often and continuously,** complained of the <u>unreasonable conduct</u>, but was denied <u>any assistance</u>, acting in "Deliberate Indifference," and often was met with threats of pepper spray and physical force.

After Plaintiff officially departed from Nueces County custody, his medical condition was immediately addressed and ruled a "serious medical need" for reconstructive surgery of his air passage way, by TDCJ Physicians and UTMB Doctors, requiring mandatory treatment, and undergoing major surgery on <u>April 4, 2018</u>, * (**SEE: Exhibit #3**).

Denial of medical care for inmates are services for which Penal Institutions may be liable under <u>Texas Tort Claims Act (TTCA)</u>, since they are only incidental to police protection, <u>V.T.C.A. Civil Practice and Remedies Code § 101.0215</u>, U.S.C.A. Const. Amd. 8.

The Commission on Jail Standards' investigation, *(**Exhibit #1 and #2**), reveals that Plaintiff was not officially housed in <u>proper housing</u>, until after (18) days, plus another (4) days, and was in "Holding", which jail officials contend that inmates are not entitled to any such items <u>while in holding</u>, and only after an inmate is transferred to proper housing, *(SEE: **Exhibits #1 and #2**).

Plaintiff shows, by a preponderance of the evidence, that he was deprived of minimal measures of life necessities, <u>U.S.C.A. Const. Amd. 8, 14</u>; <u>42 U.S.C.A. § 1983</u>.

p.4

**Claim #5:** Plaintiff was denied all forms of communication and access to courts, to include;

(1) deprivation of phone privileges,
(2) Access to commissary to purchase mailing supplies, and
(3) Access to Law Library to seek information for current cause;

which all directly affected the outcome of his trial, due from the lack of communication with an attorney, family, and witness, and not having proper legal materials; caused by these impediments, particularly set by the foul conducts of Nueces County Jail Officials.

The first instance of these violations occurred on March 23, 2016 until April 11, 2016, and again on May 23, 2016 to May 26, 2016; a total of (22) days.

Prisoner's right of access to the Courts dictates that they have access to legal material, Guajardo v. Estelle, 432 F. Supp. 1373.
Right of access to Courts is available to both, pre-trial detainees and convicted prisoners in order that they may contest legality of any conviction on constitutionality of prison conditions, and extends to all criminal matters involving prisoners. U.S.C.A. Const. Amd. 14,
• Taylor v. Sterrett, 532 F.2d 462,
and prisoners retain a right or adequate, effective, and meaningful access to Courts, • Robertson v. Hewes, 701 F.2d 418,
where prison officials may not deny or obstruct inmate's access to Courts, • Bounds v. Smith, 430 U.S. 817;
Johnson v. Avery, 393 U.S. 483;
Sands v. Lewis, 886 F.2d 1166.

In • McMaster v. Pung, 984 F.2d 948, 952, it states that prison/jail officials may restrict telephone privileges in reasonable manner, but some limitations imposed on prisoners, for use of telephone, may violate inmates Constitutional rights.
Plaintiff had unreasonable access to the inmate phone system, causing interference with his investigative measures and defense strategy, and further, not allowed to call his attorney, as his free call.
Eventually, Plaintiff was able to retain an attorney, only hours prior to the (30) day dead-line, to file petitions, and was able to set a court trial date for May 13, 2016, *(See: Exh. #4).

---

Nueces County Jail further misconducted, from May 9, 2016 to May 28, 2016, due to "negligence", when Plaintiff was released/transferred to a TDCJ prison unit, as they failed to obey Judge's order to hold inmate from transfer, and failed to verify court date.
Plaintiff was set to appear in court on May 13, 2016, *(See: Exhibit #4), but was removed from county jail, to TDCJ custody, on May 9, 2016, *(See: Exhibit #2), further hindering his efforts to fight his case.
Plaintiff was absent from his court appearance, on May 13, 2016, and had to be rescheduled to May 25, 2016, *(See: Exhibit # ). Currently unavailable

p.5

Unfortunately, the TDCJ unit that Plaintiff was transferred to, was on an annual lockdown, and again, denied "all access of communications" and "access to court," that continued for the duration of the (15) days of absence.

Eventually, Plaintiff was bench-warranted back to the county jail on May 23, 2016, * (SEE: Exhibit #5), but the process started all over again, being denied all forms of communication and access to the courts, and again, subjected to the cruel treatment.

Plaintiff was not allowed to communicate with counsel, until only minutes before trial started on May 25, 2016, having no opportunity to prepare.

Lack of communication and being unprepared, impeded in Plaintiff's efforts to defend his cause in court, and to build a rigid case which ultimately, caused him to lose his argument, * (SEE: Exhibit #6).

To establish a claim for "denial of access to the courts," a prisoner must demonstrate that he suffered "actual injury", which, in turn, requires proof that the denial of access hindered his efforts to pursue a legal claim, • LUECK v. WATHEN, 262 F. Supp. 2d 690, (SEE: Exhibit #6).

Broad discretion of prison officials may not be used to punish a prisoner for exercise of their constitutional rights to counsel, and to gain access to the courts, U.S.C.A. Const. Amd. 1, 14,
• CRUZ v. BETO, 603 F. 2d 1178.

Restrictions may not be placed on "Attorney-Client Relationship," which effectively diminishes prisoner's access to courts,
• U.S.C.A. Const. Amd. 14, TAYLOR v. STERRETT, 532 F. 2d 462; RUIZ v. U.S., 160 F. 3d 273.

## VII.

Conclusion: The custodial officer's foul treatment towards Plaintiff clearly lays parallel with "cruel and unusual punishment," which has violated his 1st, 8th and 14th Amendment Rights guaranteed by the U.S. Constitution.

Officer's actions are not adequately justified and show to have clearly deluted Plaintiff's equal protection rights, as officers were fully aware of these foul treatments being unconstitutional; trampling on Plaintiff's due process rights.

Plaintiff was illegally set into this unauthorized jail cell, not fit for long-term holding, and forcefully set in this area for any fensable time to process, surpassing the allowable 48-hrs time-limit to process, as he was grossly abused throughout this process.

Plaintiff suffered physically, mentally and medically, as he experienced these bad acts, by the Nueces County Sheriff's Deputies on assignment in booking, while under the care of the Nueces County Sheriff's office/jail, and as officers were under direct charge of the Sheriff.

These bad conducts were not offered by one soul booking officer in particular, but all custodial officers assigned to booking practiced these faulty deeds; seeming routine to them, but constitutionally intolerable, driven by lack of principles.

Two officers that Plaintiff can recollect were Ofc. PERALES and Ofc. ZAPATA, as lead players in the foul acts, directing other officers to act.

p. 6

Plaintiff routinely complained of the officer's bad conducts, but was met with threats of <u>pepper spray and physical force.</u>

These extreme bad acts of gross negligence caused Plaintiff to experience cruel physical punishment, prolonged mental anguish, denied him medical needs, and further, impeded his efforts of accessing the courts, which did ultimately lead to a flawed defense.

This treatment was certainly unreasonable, and not accidental or unforeseen, but instead, deliberate with full instruction from their superior, setting the "Cruel and Unusual Punishment," which caused atypical and significant hardship, violating Plaintiff's 1st, 8th, and 14th Amendment Rights, which such acts gave rise to a liberty interest, protected by due process, **where use of punitive isolation is unacceptable, without due process of law.** Due process is Constitutional Law, holding provisions that prohibits the government from unfairly or arbitrarily depriving a person of life, liberty, or property; nor deny fair administration of the law.

### Plaintiff factually proves having cause for filing suit

Under Texas Law, the Sheriff owes a duty to prisoners to keep safely a person committed to his custody.
- VERNON'S ANN. TEXAS CIV. ST. - Art. 5116,
  VERNON'S ANN. TEXAS C.C.P. - Art. 16.21,
  Alberti v. Heart, 600 F. Supp. 443.

---

If no single claim amounts to prejudice, the Court must assess the cummulative impact of all claims.
- Williams v. Taylor, 529 U.S. 362 (2000);
  Washington v. Smith, 219 F.3d 620, 634-35 (2000).

The 2-year time limitation for filing should not be applied in a civil rights in Federal Courts, based on incarceration of Plaintiff.
- Vernon's Ann. Civ. St. 5535,
  Jenkins v. State, 570 S.W.2d 175 (1978);
  Stephen v. Curtis, 450 F. Supp. 141 (1978)

Applicant is not an attorney, and has the expectancy of this proceeding to be liberally construed, in which he cannot be held to same standards of articulation as an attorney, Henderson v. Beto, 309 F. Supp. 244, Bledsue v. Johnson, 188 F.3d 250.

### Additional Jurisdiction

Plaintiff seeks relief under Federal Torts Claims Act, which are authorized by 28 U.S.C. Sec. 1346.
The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Sec. 1367.

P.7

## VIII.
### Facts for Consideration for Exhibits #1 and #2.

(A). On January 4, 2017, Inspector Jackie Semmler from the Texas Commission on Jail Standards, corresponded with Plaintiff regarding her findings of her investigation, discovering various violations (Exhibit #1), to include:
  (1) This unauthorized area of concern did exist,
  (2) An excess of 48 hrs time-limit to process did occur,
  (3) All inmates receive sandwiches until transferred to proper housing, and
  (4) Inmates are issued hygiene when transferred to proper housing.

(B). Inspector Semmler states that "A change of procedures was enacted", and these violations occurring on 5-23-2016 to 5-26-2016, (for only 4 days), and closed her case, (proving; they were in violation).

(C). Plaintiff [immediately] petitioned the Commission to investigate further, as her investigation did not fully reveal all dates in question.

(D). On February 7, 2017, Assist. Dir. Shannon J. Herklotz from the Texas Commission on Jail Standards determined that NO violations of jail standards had occurred, but her investigation ultimately does reveal the additional 18 days in question, from March 23 to April 11, 2016, *(see: Exhibit #2).

(E). Assist. Dir. Herklotz states that there were NO violations, but Inspector Jackie Semmler's findings in her initial investigation reveals otherwise, *(see: Exhibit #1).

(F). Findings clearly show that Plaintiff was not officially housed into proper housing until April 11, 2016, causing the violations for these additional 18 days.

(G). Findings also show Plaintiff was alternately housed from "Holding" and "Unit 4R", in which Unit 4R is also 100% restricted holding, and NOT proper housing.

(H). Assist. Dir. Herklotz correspondence (Exhibit #2) only states the policy of; "inmates in holding area provided a shower every other day as outlined in minimum jail standards," But omits any findings of the jail actually doing so. As where Inspector Semmler's results reveals exact dates, where Plaintiff attests to only showering ONE time in the 18 days, and left with no hygiene for the duration.

• Assist. Dir. Herklotz actions of denying Plaintiff's claims are transparent efforts of glossing over the facts of the initial findings of these torts, discovered by the initial investigation. Officer ??? and ~~Insp. Jackie Benningfield~~ also participated in the findings when Dir. Herklotz finally discovered it was actually A total of 22 days, and NOT simply 4 days, but is now clearly Attempting to retract from the initial findings.

⟨These acts violated Plaintiff's 1st Amendment Right to petition for A redress of grievance, when they omitted key facts and lied about investigative results, hindering his efforts.⟩

P. 8

# IX.
## Exhaustion of Administrative Remedies

The PLRA states that "No Action shall be brought with respect to prison conditions... by a prisoner confined in any jail, prison, or any other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a).

Very rarely, exhaustion may not be required if you can show that you were unable to file a grievance through "no fault of your own."

In the U.S. Supreme Court case, JONES v. BOCK, 549 U.S. 199 (2007), the Court stated that prisoners do not need to show in their complaint that they have exhausted all grievance procedures.

In Plaintiff's case, "Administrative" remedies were not physically exhausted, due to unmanageable circumstances, out of Plaintiff's control, but underlying circumstances shall render otherwise.

(A). Plaintiff's efforts to redress his grievance to the foul treatment as it progressed was merely impossible, as where he was set in holding for (18) days, and absent for another (15), not permitting him access to any materials to communicate.

(B). Plaintiff only had (30) days to build a meritorious case to petition for a "New Trial," and had exhausted (18) of these in holding.

(C). Plaintiff's efforts to complain about foul treatment was temporarily set aside, as time was of the essence, and upon being placed in proper housing on April 11, 2016, a petition for a new trial had become priority.

(D). Nueces County Jail Officials directly impeded in the efforts to exhaust remedies, causing delays at all levels.

(E). After Plaintiff's strenuous situation to challenge his case in court had concluded, he refocused on the underlying issues related to the cause for the faulty defense and issues of foul treatment.

(F). Nueces County Jail (Annex) would not provide proper documents needed to redress his complaints, but instead, wrote on plain writing paper addressing the issues, various times to jail administration, but was soon transferred from facility to TDCJ, losing track of his complaints.

(G). "Request for Information" (Form I-60), provided by TDCJ, does not communicate with County Jails, which are outside of the communications network, causing further delays.

(H). Plaintiff instead, sought out help from The Commission on Jail Standards to assist in the matter, as investigation revealed various violations.

• To Plaintiff's belief, complaints filed to the Texas Commission of Jail Standards would be the supreme venue to exhaust such administrative remedies.

Although it wasn't directly to the Nueces County Administration, the facts of the investigation rendered enough reliable evidence to raise civil action claim.

Plaintiff claims Nueces County Jail Officials prohibited him from exhausting Administrative Remedies, but makes sufficient showing of substantial efforts to obtain a remedy. Irregularity in administration process, itself prevented Plaintiff from exhausting his remedies.
- 28 U.S.C.A. §§ 2671-2680, 2675(a).
- Fed. Rules Civ. Proc., Rule 12(b)(1), 28 U.S.C.A.
- Shah v. Quinlin, 901 F.2d 1241.

As a general proposition, administrative remedies need not to be exhausted as a prerequisite to an action brought under civil rights law, 42 U.S.C.A. § 1983; and failure to exhaust administrative remedies does not deprive a trial court of jurisdiction over a § 1983 claim.
- 42 U.S.C.A. § 1983, Dallas County v. Gonzales, 183 S.W. 3d 94

## X.

Legal Claims:

(A). Plaintiff realleges and incorporates by reference, section I. through section IX.

(B). The "Cruel and Unusual Punishment," derived from deprivation, deliberate indifference to medical needs, and unsafe conditions violated Plaintiff's, Fred G. Martinez, rights and constituted as due process violations, under the 1st, 8th and 14th Amendment to the U.S. Constitution.

(C). Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described here-in. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants, unless this Court grants the declaratory and injunctive relief, which Plaintiff seeks.

(D). Upon information and Plaintiff's belief, Defendants continue the conduct described here-in, "violating new policy" implemented by The Texas Commission on Jail Standards, requiring injunctive action.

- Plaintiff currently challenges the validity of his criminal conviction, by way of habeas corpus, which remand is possibility, where plaintiff fears reoccurrence of foul treatment.

P. 10

## PRAYER FOR RELIEF:   XI.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgement granting Relief:

(A). **A declaration** that the acts and omissions described herein, violated Plaintiff's rights under the Constitution and laws of the United States.

(B). **A preliminary and permanent injunction** ordering defendants, Sheriff Jim Kaelin, and all deputies under his direction, assigned to the Booking Department, to;
(1) – seize use of the unauthorized holding cells for longterm holding,
(2) – process inmates within the 48-hrs time limit,
(3) – not commit unreasonable delay to set inmates into proper housing,
(4) – prioritize inmate's privileges to legal material and communication devices, and
(5) – find investigation to have been unfairly administered.

(C). **Compensatory damages** in the amount of $1 million against each defendant, jointly and severally,

(D). **Punitive damages** in the amount of $1 million against each defendant,

(E). **A jury trial** on all issues triable by jury,

(F). **Plaintiff's cost** in this suit, and

(G). **Any additional relief** this court deems just, proper and equitable.

Signed on the 14th day of September, 2018.

Respectfully submitted,

2061834
TDCJ #

Fred G. Martinez - Plaintiff

## VERIFICATION:

I have read the foregoing complaint and hereby verify that the matters alleged on information and belief, and as to those I believe them to be true. I certify under penalty of perjury, that the foregoing is true and correct.

Executed on the 14th day of September, 2018.

2061834
TDCJ #

Fred G. Martinez, Plaintiff

P. 11