UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-158 |
| | § | |
| NUECES COUNTY SHERIFF'S | § | |
| OFFICE/JAIL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER DENYING PLAINTIFF'S**
**THIRD MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Fred G. Martinez, proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Third Motion for Appointment of Counsel. (D.E. 38).

Plaintiff's allegations in this case arise in connection with his confinement at the Nueces County Jail around the time he was sentenced to prison on March 23, 2016. Plaintiff raised several claims in his amended complaint related to the conditions of his confinement at the Nueces County Jail. He sought declaratory, injunctive, and monetary relief.

The undersigned previously has denied Plaintiff's two motions seeking appointment of counsel as premature because they were filed before the screening process had been completed. (D.E. 9, 15). On November 18, 2018, the undersigned issued a Memorandum and Recommendation, recommending that: (1) Nueces County be substituted in place of Nueces County Sheriff's Office/Jail as a party defendant in this

case; (2) Plaintiff's deliberate indifference claims with regard to bedding supplies against Defendants Perales and Zapata in their individual capacities be retained; (3) Plaintiff's claims for money damages against certain defendants in their official capacities be dismissed as barred by the Eleventh Amendment; (4) Plaintiff's claims for declaratory and injunctive relief against all Defendants be dismissed as rendered moot by Plaintiff's transfer to a TDCJ facility; and (5) Plaintiff's remaining claims against all Defendants be dismissed as frivolous and/or for failure to state a claim for relief.

Plaintiff again seeks the appointment of counsel to assist him in the prosecution of this case. (D.E. 38). Officers Perales and Zapata have filed a motion objecting to any appointment of counsel for Plaintiff. (D.E. 39).

The Supreme Court has held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Furthermore, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing

*Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Plaintiff's motion for appointment of counsel (D.E. 38) is DENIED without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 14th day of December, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE