Case 2:18-cv-00158 Document 74 Filed on 09/19/19 in TXSD Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
September 20, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-158 |
| | § | |
| NUECES COUNTY SHERIFF'S OFFICE/JAIL, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this *pro se* prisoner civil rights action under 42 U.S.C. § 1983, Plaintiff Fred G. Martinez asserts that his Eighth Amendment rights were violated when he was denied bedding supplies while being held at the Nueces County Jail. (D.E. 28).[1] Martinez is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently housed at the Stiles Unit in Beaumont, Texas, but the incident he complains of occurred at the Nueces County Jail. On February 13, 2019, Defendants Officer Perales and Officer Zapata[2] moved for summary judgment, contending that Martinez's complaint was untimely and that he is not entitled to equitable tolling. (D.E. 50). For the reasons stated herein, it is respectfully recommended that the motion for summary judgment be GRANTED.

---

[1] Martinez also raises several other claims that were addressed in a previous Memorandum and Recommendation ("M&R"), which remains pending. (D.E. 32). That M&R recommended that the Court retain Martinez's bedding claim against Officers Perales and Zapata, who address only that claim in their present motion for summary judgment (D.E. 50). Accordingly, this memorandum does not further discuss Martinez's other claims.

[2] Neither party provides a first name for either Perales or Zapata.

## I. JURISDICTION

The Court has federal question jurisdiction for claims brought under § 1983 pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Martinez's original complaint was received by this Court on June 4, 2018. (D.E. 1, p. 26). Martinez subsequently filed an amended complaint[3] in which he seeks to sue the following defendants in their individual and official capacities: (1) the Nueces County Sheriff's Office/Jail; (2) Sheriff Kaelin; (3) Officer Perales; (4) Officer Zapata; (5) all booking officers under Sheriff Kaelin's directions; (6) Officer John Doe; (7) Texas Commission of Jail Standards (TCJS); (8) TCJS Inspector Jackie Benningfield; and (9) TCJS Assistant Director Shannon J. Herklotz. (D.E. 28). Martinez claims that Defendants are responsible for the following harms that occurred from March 23, 2016 through May 26, 2016: (1) illegally holding Martinez in an unauthorized, inadequate jail cell; (2) denying Martinez reasonably adequate sanitation; (3) denying Martinez reasonably adequate food; (4) denying Martinez "minimal life necessities"; and (5) denying Martinez all forms of communication and access to the courts. (D.E. 28, p. 3). Martinez seeks declaratory, injunctive, and monetary relief. (D.E. 28, p. 4).

Martinez alleges the following relevant facts in his amended complaint. (D.E. 28, pp. 1-5; D.E. 28-1, pp. 1-12). While held at the Nueces County Jail between March 23, 2016, and April 11, 2016, and again between May 23, 2016, and May 26, 2016, he was denied "minimal necessities," including a mattress, blanket, undergarments, and hygiene

---

[3] Plaintiff's amended complaint supersedes all previous complaints filed and is the operative pleading in this case.

2 / 17

products, in violation of his Eighth Amendment rights. (D.E. 28-1, p. 5). He was required to sleep on a cold concrete floor in the basement of the jail. Throughout his stay, Martinez continually requested a mattress, pillow, and blanket. He complained about the unreasonable conditions, but he was denied any assistance and subjected to threats of pepper spray and physical force. After Martinez was transferred to the TDCJ-CID, a medical exam uncovered that he had a serious medical need for reconstructive surgery of his air passage. He underwent surgery on April 4, 2018. Officers Perales and Zapata were deputies at the Nueces County Jail. They were the leaders in denying Martinez of minimal necessities and directed other officers.

Martinez attached letters from the Texas Commission on Jail Standards ("TCJS"), dated January 24, 2017 and February 9, 2017, in connection with an investigation into Plaintiff's complaints about the fail. (D.E. 28-3, pp. 2-3). TCJS's investigation ultimately uncovered no violations of jail standards. (D.E. 28-3, p. 3)

In an M&R dated November 18, 2018, the undersigned recommended that the Court dismiss all of Martinez's claims, with the exception of his claim of deliberate indifference against Officers Perales and Zapata (collectively referred to herein as "Defendants") in their individual capacities regarding the denial of bedding supplies. (D.E. 32, pp. 18-19, 22).

Defendants objected to the M&R, arguing that Martinez's claims arising from his March 23, 2016, through April 11, 2016, stay at the Nueces County Jail were untimely because he filed them more than two years after the acts complained of. (D.E. 37, pp. 2-4). They further argued that his allegations arising from the May 23, 2016, through May

26, 2016, stay were insufficient to raise an Eighth Amendment claim. (D.E. 37, p. 4). Martinez filed objections to the M&R's recommendation to dismiss his other claims. (D.E. 46, pp. 1-11). He subsequently filed a response to Defendants' objections, arguing that the accrual of his claims were delayed pursuant to the continuing-tort doctrine. (D.E. 47, pp. 1-2). Alternatively, he argued that he was entitled to tolling because the TCJS did not respond to him until January 2017. (D.E. 47, p. 3). Defendants replied that Martinez was not entitled to tolling under any of the theories he raised. (D.E. 48, pp. 1-8). The M&R and objections remain pending before the Court.

Defendants have filed a motion for summary judgment, contending again that Martinez's deliberate indifference claims are barred by the applicable two-year statute of limitations. (D.E. 50). Martinez subsequently filed his response to the summary judgment motion. (D.E. 55). On March 3, 2019, Defendants filed their reply. (DE. 58). After Martinez was granted leave to file a sur-reply brief (D.E. 69), he filed same on May 3, 2019 (D.E. 70).

### III.   SUMMARY JUDGMENT EVIDENCE

Defendants offer the following summary judgment evidence:

Appendix:   Affidavit of Michael Crow (Assistant Warden for the Mark W. Stiles Unit) along with TDCJ's record of Plaintiff's outgoing mail for May 2018.

(D.E. 50-1). Plaintiff, in turn, attached as summary judgment evidence to his sur-reply brief: (1) TCJS letter, dated January 24, 2017 (D.E. 70, p. 20); (2) TCJS letter, dated February 9, 2017 (D.E. 70, pp. 21-22); (3) relevant Plaintiff's medical records (D.E. 70, pp. 23-24).

Plaintiff's verified complaint also serves as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017). Like other parts of the record, Plaintiff's verified complaint must satisfy Federal Rule of Civil Procedure 56(c) in order to be considered at summary judgment. *See Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017) ("[T]he verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c)*.") (emphasis added) (citations omitted). The undersigned, therefore, will not consider parts of Plaintiff's verified complaint that are not made on personal knowledge or that would be inadmissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). Accordingly, the competent summary judgment evidence establishes the following:

### A. Martinez's Evidence

Martinez's original complaint is dated May 5, 2018. (D.E. 1 at 4). Attachments filed simultaneously with the original complaint were dated May 10, 2018, and May 16, 2018. (Id. at 18-20). The envelope from Martinez was postmarked May 30, 2018, and it was received by the Clerk of Court on June 4, 2018. (Id. at 26).

Martinez attached a letter to his sur-reply brief from the TCJS, dated January 24, 2017, that indicated that an area of concern did exist regarding the fact that he was in a holding cell for over 48 hours. (D.E. 70, p. 20). A subsequent letter from TCJS, dated February 9, 2017, indicated that their investigation had determined that no violation of jail standards had occurred. (D.E. 70, pp. 21-22). Specifically, the letter stated that each

time Martinez was transferred from a housing unit to a holding cell, it was at his request or in response to suicidal statements he made. (D.E. 70, p. 21). Finally, the letter noted that, according to Nueces County Jail policy, bedding and hygiene items were not allowed in holding cells unless approved by medical staff. (D.E. 70, p. 22).

Martinez also attached medical records indicating that he was diagnosed with a nasal obstruction on April 3, 2018, and discharged on the next day. (D.E. 70, p. 23). He was given wound care instructions requiring that he take nasal saline four times a day and not blow his nose until seen in the clinic. (D.E. 70, pp. 23-24).

### B. Defendants' Evidence

Defendants have submitted a copy of the Stiles Unit outgoing mail log for May 2018. (D.E. 50-1, p. 3-64). The May 2018 mail log shows that Plaintiff mailed one single item to this Court when he deposited it in the prison mail system on May 30, 2018 and it was delivered to the post office that day. (D.E. 50-1, p. 54). The envelope containing Plaintiff's original complaint was postmarked May 30, 2018. (D.E. 1-1, p. 2).

## IV.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 274-75 (5th Cir. 2016). Furthermore, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

As an initial matter, Martinez argues in response to the summary judgment motion that he is entitled to an evidentiary hearing and discovery before the Court may issue summary judgment. (D.E. 55, p. 1). Defendants contend, however, that Martinez has failed to demonstrate a legitimate need to conduct discovery and for an evidentiary hearing. (D.E. 58, pp. 2-3).

Rule 56 contemplates that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Defendants, therefore, have filed their summary judgment in a proper and timely manner.

Pursuant to Rule 56(d), a nonmoving party could obtain leave to take discovery if he could show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). Martinez has failed to show by affidavit or declaration a legitimate need to delay this proceeding and conduct discovery with respect to issues of timeliness presented in Defendants' summary judgment motion. In addition, he has presented evidentiary support for his opposition to the summary judgment motion. Martinez presents nothing to show that he is entitled to an evidentiary hearing before the Court considers Defendants' summary judgment motion. The undersigned now turns to consider whether Martinez's complaint was timely filed.

### C. Statute of Limitations

#### *(1) Timeliness*

Defendants contend in their summary judgment motion that Martinez's deliberate indifference claims are barred by the running of the applicable two-year statute of limitations. (D.E. 50). Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In other word, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (quoting *Piotrowsky*, 237 F.3d at 576).

Defendants assert that Martinez deposited his complaint in the prison mail system on May 30, 2018, more than two years after all of his retained deliberate indifference claims against Defendants had accrued. (D.E. 50, pp. 2-5). Martinez responds that his deliberate indifference claims against Defendants accrued on January 24, 2017, when he became aware "of the true facts of Defendants' bad conduct causing the injuries" in connection with an investigation conducted by the TCJS. (D.E. 55, pp. 2-3).

It is undisputed that the alleged pertinent violations occurred between March 23, 2016, and April 11, 2016, and again between May 23, 2016, and May 26, 2016, when Martinez was denied bedding supplies and required to sleep on a cold concrete floor in the basement of the jail. The undersigned finds that Martinez became aware of his deliberate indifference claims against Defendants at the time the violations occurred and not on January 24, 2017, in connection with TCJS's investigation. Contrary to Martinez's contention, Martinez had reason to know of the injuries that served as the basis of his claims against Defendants at the time the violations occurred in March and May of 2016.

The competent summary judgment establishes that Martinez deposited his complaint into the prison system on May 30, 2018, and it was delivered to the post office that day. (D.E. 1-1, p. 2; D.E. 50-1, p. 54). Pursuant to the prison mailbox rule, a prisoner's complaint is deemed "filed" when it is delivered to prison officials for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995). Martinez's complaint, therefore, was untimely filed more than two years after his deliberate indifference claims accrued against Defendants.

Martinez has argued in this case that the accrual of his claims were delayed pursuant to the continuing-tort doctrine. (D.E. 55, pp. 5-6). This doctrine is equitable in nature and relieves a plaintiff of establishing that all of the challenged conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls into the limitations period." *Davis v. Foxworth*, No. 6:14cv996, 2016 WL 6436668, *5 (E.D. Tex. Nov. 1, 2016). The continuing violations doctrine extends the

limitations period for "otherwise time-barred claims only when the unlawful practice manifests itself over time rather than in a series of discrete acts." *Id.* (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004)).

Even when viewing the evidence in favor of Martinez, no genuine issues of material fact exist as to whether this action was filed outside of the two-year limitations period. The competent summary judgment evidence establishes that none of the challenged conduct occurred after May 26, 2016, when he was released for the final time from the holding cell where the alleged violations against Defendant occurred. Thus, assuming the presence of a continuous tort in connection with Martinez's separate confinement in the holding cell between March 23, 2016, and April 11, 2016, and again between May 23, 2016, and May 26, 2016, Martinez's complaint is time-barred unless he can establish sufficient equitable tolling of the limitations period to excuse his late filing.

### (2) Equitable Tolling

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson,* 144 F.3d 892, 897 (5th Cir. 1998). "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court." *F.D.I.C. v. Dawson*, 4 F.3d 1993 (5th Cir. 1993). In § 1983 cases, Texas equitable tolling principles apply. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Texas law specifically recognizes the discovery rule and fraudulent concealment as grounds for equitable tolling.[4] *Id.* In general, "[t]he doctrine of equitable tolling preserves a plaintiff's claims where strict application of the

---

[4] Martinez does not argue fraudulent concealments as a reason to equitably toll the limitations period.

statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995).

### Discovery Rule Doctrine

"Under Texas law, the 'discovery rule' provides a 'very limited exception to statutes of limitations.'" *King-White*, 803 F.3d at 764 (citations omitted). "While accrual of a Texas personal injury action generally occurs when 'a wrongful act causes an injury, regardless of when the plaintiff learns of that injury,' the 'judicially-crafted' discovery rule defers accrual of the cause of action if 'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'" *Id.* (citing *Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex. 1998)).

Defendants argue that Martinez is not entitled to equitable tolling under the discovery rule doctrine in that it does not apply to Plaintiff's Eighth Amendment claims because they arose at the time the violations occurred and any violation of TCJS rules is not the measure of a constitutional claim. (D.E. 50, pp. 6-7; D.E. 58, pp. 4-6). Martinez responds that he is entitled to equitable tolling based on this doctrine because: (1) he was not apprised of the true injuries until the TCJS's investigation and letter issued on January 24, 2017; and (2) he did not discover the true nature of his injuries until April 2018, when he received medical attention from an E.N.T. doctor. (D.E. 55, pp. 2-6).

Even when construing the evidence in favor of Martinez, nothing has been presented to justify equitable tolling under the discovery rule doctrine. With regard to TCJS's investigation, any violation of Texas jail standards does not establish the violation of a constitutional claim. *See Balli v. Haynes*, 804 F.2d 306, 308 (5th Cir.

12 / 17

1986). Thus, it was not possible for TCJS's investigation to apprise Martinez of his true injuries as of January 24, 2017 as any TCJS violation is not the measure of a constitutional claim.

Furthermore, there is nothing inherently undiscoverable about being denied life's basic necessities pursuant to Defendants' conduct. Martinez alleged in his amended complaint that he "often and continuously complained" to jail personnel about his confinement in the "dungeon" where he was forced to sleep on the "extremely cold concrete floor" without a pillow, mattress, blanket, or undergarments for twenty-two days." (D.E. 28-1, pp. 5-6). Martinez's allegations reflect that his suffering associated with the denial of bedding supplies was acutely apparent at the time the alleged violations occurred and not inherently undiscoverable.

> The Texas Supreme Court recently held that:
>
> But whether the discovery rule applies turns on whether the injured person is aware that she has an injury and that it was likely caused by the wrongful acts of another. It does not turn on whether the injured person knows the exact identity of the tortfeasor or all of the ways in which the tortfeasor was at fault in causing the injury. *See Childs*, 974 S.W.2d at 40. Nor does it turn on when the full effects of the injury became known or developed.

*Schlumberger Tech Corp. v. Pasko*, 544 SW.3d 830, 834 (Tex. 2018) (citations omitted). As such, the fact that Martinez did not discover the true extent of his injuries until his examination and treatment by an ENT doctor in April 2018 does not call for the application of the discovery rule for equitable tolling purposes. Martinez was aware he was suffering an injury at the time the alleged violations occurred, even if the full extent

of his injury had yet to be determined.  Accordingly, in the absence of any genuine issues of material fact, Martinez is not entitled to equitable tolling under Texas's discovery rule.

### State Action Delay

Martinez states that he filed his complaint with the TCJS on December 1, 2016 and that the investigation ended 70 days later on February 9, 2017.  Martinez contends that equitable tolling applies under federal law because his claims were delayed by the TCJS's 70-day "state action" in investigating the matter. (D.E. 55, pp. 3-4).  Defendants respond that, to the extent that "state-action delay" could be a basis for equitable tolling, no state action existed to excuse Martinez's late filing.

The undersigned has found no case law to support Martinez's contention that a "state action delay" entitles a § 1983 plaintiff to equitable tolling of the Texas two-year limitations period.  In contrast, equitable tolling of the one-year limitations period for filing federal habeas actions "is permitted 'only in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d, 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).  In such circumstances, "[e]quitable tolling is warranted … only in situations where the plaintiff is actively misled by the defendant … or is prevented in some extraordinary way from asserting his rights."  *Cousin*, 310 F.3d at 843 (internal quotations and citation omitted).

Even assuming that the equitable tolling principle articulated in *Cousin* is applicable to this case, Martinez has failed to present any competent summary judgment evidence to show that he was actively mislead in any way or otherwise prevented from asserting his rights in a timely fashion.  Furthermore, the undersigned finds no authority

to suggest that the pendency of a TCJS investigation, which examines whether state jail standards have been violated, serves as a bases to equitably toll the limitations period under Texas law.  Accordingly. even when construing the facts in favor of Martinez, he has failed to demonstrate a genuine issue of fact as to whether he is entitled to equitable tolling for the period of time the TCJS investigation was pending.  Martinez, therefore, has failed to show any entitlement to equitable tolling under a theory of "state action delay."

### Disability

Lastly, Martinez argues that he underwent major surgery in April 2018, which caused him to suffer from a temporary disability that prevented him from filing this civil rights action sooner.  (D.E. 55, pp. 6-7).  Defendants counter Plaintiff failed to satisfy his burden that he suffered from a timely temporary disability to entitle him to equitable tolling.  (D.E. 58).

Under Texas law, "a person claiming to have been under a legal disability must establish that he was under a disability at the time his cause of action accrued." *Nelson v. Reddy*, 898 F. Supp. 409, 410 (N.D. Tex. 1995) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b), (d)).  Plaintiff's surgery, which took place in April 2018, occurred well after the limitations period commenced on May 26, 2016.  Even when construing the evidence in Martinez's favor, he has failed to demonstrate that he suffered from any kind of disability at the time his deliberate indifference claims against Defendants accrued. Accordingly, in the absence of any genuine issues of fact, Plaintiff cannot establish he is entitled to equitable tolling under his temporary disability theory.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Defendants' motion for summary judgment (D.E. 50) be GRANTED and Martinez's deliberate indifference claims against them be DISMISSED as untimely. Should the Court also adopt the recommendations from the prior M&R (D.E. 32), this would result in the dismissal of the entirety of Martinez's amended complaint.

Respectfully submitted this 19th day of September, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).