**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| FRED G. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-00158 |
| | § | |
| NUECES COUNTY SHERIFF'S | § | |
| OFFICE/JAIL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The Court is in receipt of the Magistrate Judge's November 18, 2018 Memorandum and Recommendation ("M&R 1") Dkt. No. 32, subjecting Plaintiff's claim to screening. The Court is also in receipt of Plaintiff's objections to M&R 1, Dkt. Nos. 37, 46, 47, and Defendants' objections to M&R 1 Dkt. Nos. 37, 48.

The Court is in receipt of the Magistrate Judge's September 19, 2019 Memorandum and Recommendation ("M&R 2"), Dkt No. 74. The Court is in receipt of Plaintiff's Objections to M&R 2, Dkt No. 80.

After independently reviewing the filings, the record, and applicable law, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** M&R 1, Dkt No. 32. The Court **DECLINES TO ADOPT** M&R 2, Dkt. No. 74.

### I.  Background

Fred G. Martinez ("Martinez") is imprisoned in the state of Texas and he filed this civil rights action under 42 U.S.C. § 1983. Martinez is *pro se* and is proceeding *in forma pauperis*. Dkt. Nos. 8, 29. Martinez's claims arise from his confinement at the Nueces County Jail during two periods: from March 23 to April 11, 2016 ("Period 1") and from May 23 to May 26, 2016 ("Period 2"). Dkt. No. 28-1.

Among the details of his complaint, Martinez alleges that for the weeks he was at the Nueces County Jail he was forced to sleep without bedding in an inadequate holding cell and that he was fed inadequate food, poor-quality bologna

sandwiches. *Id.* at 4-5. He alleges he was denied basic sanitary supplies and he was denied access to the courts. *Id.* Martinez also alleges he suffered a serious medical issue that was diagnosed when he left Nueces County Jail and required reconstructive surgery of his nasal air passage that was performed on April 4, 2018. *Id.* at 5.

Martinez also attached two letters to his complaint from the Texas Commission of Jail Standards ("TCJS"). Dkt. No. 28-3 at 2-4. The letters seemingly respond to a grievance procedure from Martinez. *Id.* The first letter, dated January 24, 2017 and written by Inspector Jackie Semmler, informed him "that an area of concern did exist" at Nueces County Jail and that "Nueces County officials took immediate action to resolve the issues and a change to procedures was enacted." *Id.* at 2. The second letter, dated February 9, 2017 and written by Assistant Director Shannon J. Herklotz, informed Martinez that no violation of jail standards had occurred. *Id.* at 3-4. It further stated that "This is your final appeal. We will be taking **no** further action and have closed this case." *Id.* at 3-4 [emphasis in original]

## II.   M&R 1

After noting relevant facts, the Magistrate Judge recommended under an Eighth Amendment analysis that: "Plaintiff's deliberate indifference claims regarding Plaintiff's bedding situation be retained against two defendants in their individual capacity." Dkt. 32 at 2. The Magistrate further recommended:

> " (1) Plaintiff's claims for money damages against certain defendants in their official capacities be dismissed as barred by the Eleventh Amendment; (2) Plaintiff's claims for declaratory and injunctive relief against Defendants be dismissed as rendered moot by Plaintiff's transfer to a TDCJ facility; and (3) Plaintiff's remaining claims against all Defendants be dismissed as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)."

Dkt. No. 32 at 2.

Officers Perales and Zapata ("Defendants") object to the M&R's retention of the deliberate indifference claims against them. Dkt. Nos. 37, 48. They argue that Martinez's complaint was time barred by Texas' two-year statute of limitations. Dkt. No. 37 at 2.

Martinez responds that: (1) the complaint states facts that are plausible on their face, (2) the dismissal of TCJS as a party was improper because it is not immune from suit, (3) officials otherwise immune are not shielded when they violate federal law, (3a) he can pursue claims against state officials in their individual capacity, (4) the Sheriff Jim Kaelin ("Kaelin") should not be dismissed from the case because he was aware of wrongdoing and was "an active wrongdoer," (5) a due process violation occurred implicating a liberty interest because of the jail's violation of its 48-hour policy, (6) the poor sanitary conditions were not short term and caused him harm, (7) eating only bologna sandwiches for weeks was by itself insufficient nutritional value under the law amounting to excessive punishment and it caused him harm, (8) his improper confinement led to a shortened period to hire the right attorney causing him prejudice, (9) dismissing unknown officers is improper because other officers could be responsible (10) Nueces County officials' continuous "faulty" conduct should be corrected. Dkt. No. 46.

In addition, Martinez argues that the cause of action accrued later than defendants claim it accrued, making the statute of limitations defense inapplicable. Dkt. 47 at 3. Martinez further responds the continuing tort doctrine or other equitable tolling doctrine under Texas law applies to his claim and that the grievance investigation process also served to toll the statute of limitations. *Id.*

## III. Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). If the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987). When proceeding *in forma pauperis*, a plaintiff's allegations must be weighted in the plaintiff's favor when a court conducts a frivolousness

review. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The § 1915 frivolousness determination does not serve as factfinding for disputed facts and a claim should be dismissed as factually frivolous when irrational or wholly incredible. *Id.* at 33.

### a. Statute of Limitations

The Magistrate Judge did not make a recommendation regarding the statute of limitations objection raised by the officers in M&R 1. When it is clear that an action is barred by the statute of limitations those claims are properly dismissed as frivolous or malicious. *Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

### i. Time Period

The limitations period for a § 1983 suit is determined by the general statute of limitations governing personal injury in the forum statute. *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). The applicable statute provides that the claims must be brought no later than two years after the cause of action accrues. *Id.*; Tex. Civ. Prac. & Rem. Code Ann. § 16.003.

### ii. Accrual

Courts determine the accrual date of a § 1983 action under federal law. *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). An action accrues under federal law when the plaintiff can file suit and obtain relief. *Id.* Put another way, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell*, 981 F.2d at 257. A continual violation can occur when a plaintiff continues to sustain harm and that claim accrues when the harm ceases. *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980); *Interamericas Investments, Ltd. v. Bd. of Governors of the Fed. Reserve Sys.*, 111 F.3d 376, 382 (5th Cir. 1997).

Martinez argues that there was one period of continuous acts which concluded on May 26, 2016. Dkt. No. 47 at 2. However, Martinez's complaint alleges two periods of harm. The transfer on April 11, 2016 from the Nueces County Jail holding cell ended the first claimed period of harm. *See* Dkt. No. 28-1 at 9. Martinez alleges he again sustained harm when he was incarcerated in Nueces County Jail from May 23 until May 26, 2016. *Id.* Therefore, there appear to be two alleged

continual violations that accrued on April 11, 2016 and May 26, 2016 respectively, because each alleged claim accrued when the period of harm ended. *See Lavellee*, 611 F.2d at 1132.

### b. Filing Date

A *pro se* litigant's complaint is deemed filed on the day he places it in the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 380 (5th Cir. 1995). Martinez' initial complaint was signed May 5, 2018. Dkt. No. 1 at 4. There are also handwritten dates on the original complaint as late as May 16, 2018. Dkt. No. 1 at 20. The postage stamp bears the date May 30, 2018. *Id.* at 26. In M&R 1, the date the complaint was deposited with prison officials is unclear therefore the date the action is commenced is also unclear. *See Cooper*, 70 F.3d at 380.

### c. Tolling

When applying a state's statute of limitations, the federal court should also apply relevant state tolling provisions. *Gartrell v. Gaylor*, 981 F.2d at 257 (declining to apply tolling in a pre-mandatory exhaustion prison case). This includes equitable tolling, which is sparingly used by Texas and federal courts and typically depends on whether a plaintiff diligently pursued their rights. *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012). Incarceration is not a legal disability for tolling in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001 (West); *White v. Cole*, 880 S.W.2d 292, 295 (Tex. App. 1994).

Additionally, the PLRA requires that no action shall be brought with respect to prison conditions under § 1983 by an incarcerated person "until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e. The exhaustion requirement applies to any case seeking remedy for any prison circumstances or occurrences regardless of whether they involve particular episodes or general circumstances of incarceration. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement applies irrespective of what kind of remedy is sought. *Booth v. Churner*, 532 U.S. 731, 740 (2001). When a prison conditions suit is brought by an incarcerated person, the statute of limitations is tolled during the time that the claimant is exhausting their available administrative remedies.

*Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) ("[T]his court held that the Texas statute of limitations was tolled while the plaintiff exhausted his available state administrative remedies") (citing *Rodriguez v. Holmes*, 963 F.2d 799 (5th Cir. 1992)); *see Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) (holding the district court erred in dismissing § 1983 claims without considering if the plaintiff properly exhausted administrative remedies and the extent the limitations period should be tolled).

As noted above, the first accrual date of a claims is April 11, 2016, making the statute of limitations expire for that claim after April 11, 2018, unless some form of tolling applies. *See Walker*, 550 F.3d at 414**.** Martinez argues that tolling principles apply to all of his claims. Dkt. No. 47 at 1. Defendants correctly contend that principles of equitable tolling such as the discovery doctrine or fraudulent concealment would not apply to this case because the harm was not undiscoverable nor was it concealed. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015).

The two documents Martinez submitted with his complaint indicate he took up his claims via an administrative grievance procedure at the prison. Dkt. No. 28-3 at 3. Those documents indicate he exhausted those procedures on February 9, 2017 when he received notice of his "final appeal" and that his case was closed. *Id.* There is no evidence in the record of M&R 1 of the date Martinez began this grievance process. *See id.* The Court concludes the statute of limitations period should be tolled for the presently unknown time Martinez's administrative remedies were exhausted in the prison. *See Harris*, 198 F.3d at 158.

When it is clear that an action is barred by the statute of limitations those claims are properly dismissed as frivolous. *Gartell*, 981 F.2d at 256. Here, the record is not clear that Martinez's claims are barred by the statute of limitations for either of the alleged claims that accrued on April 11 and May 26, 2016. The Court notes the extensive objections from the defendants on statute of limitations grounds, including the argument that the second accrual period would be insufficient to sustain an Eighth Amendment claim. *See* Dkt. Nos. 37, 48. Without more, the Court

concludes the facts alleged are not "clearly baseless" on statute of limitations grounds. *See Gartrell*, 981 F.2d at 259.

Accordingly, the Court **DECLINES** to dismiss the claims for being frivolous on statute of limitations grounds.

## IV.    Additional Objections

Martinez's objections to M&R 1 can be grouped into several categories (a) plausible claims, (b) immunity, remedies, proper defendants, (c) violation of the 48-hour cell policy, (d) access to the courts, (e) cell conditions. The Court will consider each of these groups of objections in turn.

### a.  Plausible Claims

Martinez objects to the proposed dismissal of his claims by arguing he is not merely reciting labels and stating conclusions and that his claims are not irrational or wholly incredible. Dkt. No. 46 at 1. Martinez correctly provides the standard of review for his claims. *See Denton*, 504 U.S. at 32.

### b.  Immunity, Remedies, Proper Defendants

Martinez objects the Magistrate Judge's recommendation to dismiss claims against the TCJS and its employees. Dkt. No. 46 at 2. Martinez argues those parties are not immune from suit and the investigation conducted by the body was "faulty in part." *Id.* The Magistrate Judge's M&R addresses this objection in detail:

> A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). Plaintiff's claims seeking monetary relief against the TCJS, therefore, are barred by the Eleventh Amendment. *Coalwell v. Bexar Adult Detention Center*, No. SA-16-CA-506, 2016 WL 4033272, at *2 (W.D. Tex. Jul. 27, 2016). Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the TCJS be dismissed with prejudice.
> Furthermore, an action for monetary damages against a state official in his or her official capacity is one against the state itself and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official

capacities. *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

> To the extent Plaintiff sues TCJS Inspector Benningfield and TCJS Assistant Director Herklotz in their official capacities for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against these defendants in their official capacities be dismissed with prejudice

Dkt. No. 32 at 8-9.

> Plaintiff's allegations, at best, point to his dissatisfaction with the investigation into his TCJS complaint and the ultimate decision by Defendants Benningfield and Herklotz to reject his complaint. When prisoners file institutional grievances and then challenge through a prisoner civil action the investigations into and the decisions rendered as to those grievances, courts generally hold that such challenges fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor)

Dkt. No 32 at 13-14.

The Court **ADOPTS** the M&R findings on the immunity of TCJS and Martinez's dissatisfaction with the prison investigation.

Martinez requests injunctive or declaratory relief based on his conditions of confinement. Dkt. No. 46 at 10. He argues the court should intervene to correct bad jail conduct. *Id.* The M&R addressed this point:

> Plaintiff seeks injunctive and declaratory relief against Defendants based on his conditions of confinement at the Nueces County Jail. Claims for declaratory and injunctive relief based on the conditions of confinement, however, are rendered moot upon prisoner's release from custody or transfer to another facility. *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279, 282 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). *See also Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (requests for injunctive and declaratory relief become moot when inmate is transferred to another facility). Furthermore, the possibility of Plaintiff's return to the Nueces County Jail is much too speculative to warrant relief. *Smith*, 281 F. App'x at 282. Because Plaintiff is no longer incarcerated at the Nueces County Jail, it is respectfully recommended that his claims for declaratory and injunctive relief against Defendants be dismissed.

Dkt. No. 32 at 7-8.

The Court **ADOPTS** the M&R findings regarding declaratory and injunctive relief.

Martinez also argues that officials are not shielded by immunity when they violate federal law and that claims can be pursued against officials in their individual capacity. Dkt. No. 46 at 2-3. Martinez correctly notes that individual capacity suits are possible under § 1983 actions. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (discussing the breadth of individual capacity suits).

Martinez objects to the M&R's recommendation to dismiss claims against Kaelin in his individual capacity and in his official capacity as part of a claim against the county. Dkt. No. 46 at 3. Martinez argues that he believes Kaelin likely frequented the basement where his cell was located and should have been aware of the activities alleged and consequently Kaelin was an active wrongdoer and moving force behind the violations. *Id*. Both arguments are based on speculation. *See id.* The Magistrate Judge's M&R also addresses these issues:

> Plaintiff sues Sheriff Kaelin in his supervisory role. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional deprivation. *Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Thompkins*, 828 F.2d at 304).
>
> Plaintiff alleges that Sheriff Kaelin "is legally responsible for the overall operations of the Nueces County Jail." (D.E. 28-1, p. 2). He fails, however, to allege any facts to suggest that Sheriff Kaelin participated in any acts causing constitutional violations or that a causal connection exists between Sheriff Kaelin's conduct and the alleged constitutional deprivations. Accordingly, it is respectfully recommended that Plaintiff's claims against Sheriff Kaelin in his supervisory role be dismissed as frivolous and/or for failure to state a claim for relief.

Dkt. No. 32 at 12.

In order to state that Nueces County is liable for any constitutional violations based on Plaintiff's allegations, Plaintiff must state that any

constitutional deprivations were caused by (1) an official policy or custom; (2) promulgated by the municipal policy-maker; (3) that was the moving force behind the violation of his constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658, 694 (1978)). Municipal liability cannot be established on the basis of respondeat superior. *Monell*, 436 U.S. at 694. A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski*, 237 F.3d at 578.

Dkt. No. 32 at 10.

Plaintiff has alleged no facts in this case suggesting that Nueces County had either an official policy or a wide-spread practice that compelled Sheriff Kaelin or other officials at the Nueces County Jail to deprive Plaintiff of his rights by placing him in an inadequate jail, denying him the minimal necessities of life, and denying him access to the courts. The allegations in Plaintiff's complaint center on his claims that Defendants violated the policies and jail standards in place and not on whether the policies and standards themselves were the moving force behind the alleged constitutional deprivations. *See Hill v. Texas*, No. 4:13-CV-652, 2013 WL 5273342, at *3 (N.D. Tex. Sep. 19, 2013) (dismissing claim for municipal liability against Parker County because amended complaint failed to allege facts showing the alleged policy was the moving force behind any constitutional violation). Because Plaintiff's allegations are insufficient to state a § 1983 claim for municipal liability, it is respectfully recommended that Plaintiff's claims against Nueces County be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

Dkt. No. 32 at 11.

The Court **ADOPTS** the M&R findings regarding claims against Kaelin and municipal liability.

Finally, Martinez objects to the dismissal of claims against "unknown officers" as parties who might bear equal responsibility for his injuries with named defendants after discovery. Dkt. No. 46 at 8-9. The Court notes the objection and directs Martinez to Federal Rule of Civil Procedure 15(c). *See Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998)[1]; *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1318 (11th Cir. 2015) ("As a general matter, fictitious-party pleading is not permitted in federal court.").

---

[1] Rule 15(c) "'is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.'" *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir.1995), modified by 74 F.3d 1366 (2d Cir.1996)" *Jacobsen*, 133 F.3d at 320.

### c. 48-hour cell policy

Martinez objects to the dismissal of his due process claims relating to the alleged violation of the jail's 48-hour policy for holding cell detention. Dkt. No. 46 at 4-5. He claims the violation of the jail policy alone is a violation of due process. *Id.* The Magistrate Judge's M&R also addressed this issue:

> Liberally construed, Plaintiff claims that his placement in a holding cell beyond the 48-hour time limit allowed for the booking/holding process violated his due process rights. Plaintiff alleges that he was held in this cell from March 23, 2016 through April 11, 2016, and from May 23, 2016 through May 26, 2016. To the extent Plaintiff claims his time in the holding cell exceeded the 48-hour jail policy, such claim without more does not amount to a constitutional violation. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding "that a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

Dkt. No. 32 at 14-15.

The Court **ADOPTS** the M&R findings regarding due process.

### d. Access to the Courts

Martinez also objects to the M&R's recommendation to dismiss his claims regarding access to the courts. Dkt. No. 46 at 8. Martinez argues that he was unable to retain legal counsel during his incarceration at Nueces County Jail impacting his ability to find a lawyer. *Id.* The Magistrate Judge also addressed this issue:

> Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis*, 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

Dkt. No. 32 at 20-21.

> However, it is well settled in the Fifth Circuit that "a criminal defendant's right of access to the courts is not infringed if he is represented by counsel. *Haley v. Natchitoches Parish Detention Center*, 602 F. App'x 1008, 1009 (5th Cir. 2015) (citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir.

1981)). As noted above, Plaintiff was sentenced on March 23, 2016. Plaintiff acknowledges that he was represented by an attorney who filed a petition with the trial court seeking a new trial. Plaintiff has attached to his amended complaint: (1) an order from the Nueces County district court setting a hearing on Plaintiff's motion for new trial on May 13, 2016 (D.E. 28-3, p. 7); and (2) an exhibit showing that he was unable to prevail on his argument in support of his motion for new trial (D.E. 28-3, p. 9).

Dkt. No. 32 at 21.

The Court **ADOPTS** the M&R findings regarding access to the courts.

### e. Cell Conditions

The M&R recommends retaining the Eighth Amendment claims about bedding against Perales and Zapata in their individual capacities. Dkt. No. 32 at 18. Defendants object to retaining these claims on statute of limitations grounds. Dkt. Nos. 37, 48. This Court conducted a de novo review and has declined to dismiss the claims based on the statute of limitations. *See supra* Section III(a).

The Court **ADOPTS** the M&R findings to **RETAIN** the Eighth Amendment claims against Officers Perales and Zapata regarding the denial of bedding.

Martinez objects to the M&R's recommendation to dismiss claims related to sanitation as improper because he claims the poor sanitary conditions were not short term and helped exacerbate his physical injury. Dkt No. 46 at 6. The Magistrate Judge addressed these concerns in part:

A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). "Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581

Dkt. No. 32 at 16.

The Fifth Circuit has recognized that an unsanitary environment can support an Eighth Amendment claim of deliberate indifference. For example, in *Daigre v. Maggio*, 719 F.2d 1310 (5th Cir. 1983), the Fifth Circuit recognized:

As a safeguard against the "gratuitous infliction of suffering," the eighth amendment forbids confinement under conditions that can lead to painful and tortuous disease with no penological purpose. We concluded over a decade ago that the eighth amendment forbids

> deprivation of the basic elements of hygiene. We observed this
> "common thread" woven through judicial condemnations of prison
> conditions, noting in most of the prior cases the deprivation of facilities
> for elementary sanitation. *Daigre*, 719 F.2d at 1312.

Dkt No. 32 at 16-17.

In addition, confinement in unsanitary conditions for a few days usually does not rise to a serious deprivation. *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). But longer periods of exposure to unsanitary conditions can be grounds for such a claim. *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978). Martinez's complaint alleges a lack of working toilets and sinks, sanitary supplies and a denial of showers that allegedly occurred during Period 1 (19 days) and Period 2 (four days) of incarceration in Nueces County Jail. Dkt. No. 28-1 at 3-4. Because of the length of the alleged denial of sanitation supplies and working facilities, this Court declines to adopt the Magistrate Judge's determination that Martinez failed to state an Eighth Amendment claim regarding sanitation. *See Denton*, 504 U.S. at 32; Dkt No. 32 at 17.

The Court **DECLINES TO ADOPT** the M&R 1 recommendation and **RETAINS** Martinez's Eighth Amendment claim regarding unsanitary conditions.

Finally, Martinez objects that eating only poor-quality bologna sandwiches for weeks did not provide sufficient nutrients as required and caused him harm. Dkt. No. 46 at 7; Dkt. No. 28-1. The M&R addressed this claim:

> "[t]he constitution requires only that inmates be provided with well-balanced meals, containing sufficient nutritional value to preserve health." *Davis v. Stephens*, No. 2:15-CV-211, 2015 WL 4887577, at *8 (S.D. Tex. Aug. 17, 2015) (citing *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986)). The prison system is not required to provide inmates with three meals a day. *Green*, 801 F.3d at 770.

Dkt. No. 32 at 19.

In addition, the Supreme Court has spoken disapprovingly of deprivation diets consisting of low-quality food which provide insufficient calories per day. *Hutto*, 437 U.S. at 683. The Court finds it is not implausible or frivolous to assert that eating only bologna sandwiches for several weeks is nutritionally insufficient

and could have caused Martinez harm. *See* Dkt. No. 28-1 at 4-5; *Denton*, 504 U.S. at 33.

The Court **DECLINES TO ADOPT** the M&R 1 recommendation and **RETAINS** Martinez's Eighth Amendment claim regarding insufficient food.

## V.   M&R 2

### a.  Summary Judgment Evidence

Defendants moved for summary judgment on statute of limitations grounds. Dkt. No. 50. Defendants offered as summary judgment evidence an Affidavit of Michael Crow (Assistant Warden for the Mark W. Stiles Unit) along with TDCJ's record of Plaintiff's outgoing mail for May 30, 2018. Dkt. No. 50-1. Martinez offered letters from the TCJS investigations dated January 24, 2017 and February 9, 2017 and his medical records. Dkt. No 70 at 20-24. M&R 2 states that according to the summary judgment evidence, Martinez deposited his complaint in the prison mail on May 30, 2018. Dkt. No. 74 at 6. M&R 2 recommended dismissal of Martinez's claims on statute of limitations grounds. Dkt. No. 74. Martinez objected to M&R 2 and argued the statute of limitations for his claims should be tolled. Dkt. No. 80 at 10.

## VI.   Legal Standard

The M&R correctly states the standard for summary judgment:

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* The Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Salazar-Limon v. City of Houston*, 826 F.3d 272, 274-75 (5th Cir. 2016). Furthermore, "[a]n affidavit or declaration used to

support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

Dkt. No. 74 at 6-7.

M&R 2 then states: "Pursuant to Rule 56(d), a nonmoving party could obtain leave to take discovery if he could show 'by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.' Fed. R. Civ. P. 56(d)(2). Martinez has failed to show by affidavit or declaration a legitimate need to delay this proceeding and conduct discovery with respect to issues of timeliness presented in Defendants' summary judgment motion." Dkt. No. 74 at 8. The Court **DECLINES TO ADOPT** this statement. As discussed above in the analysis of M&R 1, tolling is a procedure which can apply to Martinez's claim. *Supra* III(c).

M&R 2 states that: "Thus, assuming the presence of a continuous tort in connection with Martinez's separate confinement in the holding cell between March 23, 2016, and April 11, 2016, and again between May 23, 2016, and May 26, 2016, Martinez's complaint is time-barred unless he can establish sufficient equitable tolling of the limitations period to excuse his late filing." Dkt. No 74 at 11. The Magistrate Judge then determined that neither the discovery doctrine or fraudulent concealment doctrine of equitable tolling apply. Dkt No. 74 at 11. The Court **ADOPTS** these conclusions.

The Magistrate Judge then turns to the State Action Delay doctrine and writes:

"Martinez states that he filed his complaint with the TCJS on December 1, 2016 and that the investigation ended 70 days later on February 9, 2017. Martinez contends that equitable tolling applies under federal law because his claims were delayed by the TCJS's 70-day "state action" in investigating the matter. (D.E. 55, pp. 3-4). Defendants respond that, to the extent that "state-action delay" could be a basis for equitable tolling, no state action existed to excuse Martinez's late filing. The undersigned has found no case law to support Martinez's contention that a "state action delay" entitles a § 1983 plaintiff to equitable tolling of the Texas two-year limitations period. In contrast, equitable tolling of the one-year limitations period for filing federal habeas actions "is permitted 'only in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d, 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). In such circumstances, "[e]quitable tolling is warranted … only in situations where the plaintiff is actively misled by the defendant … or is prevented in some extraordinary way from asserting his rights." *Cousin*, 310 F.3d at 843 (internal quotations and citation omitted). Even assuming that the equitable tolling principle articulated in *Cousin* is applicable to this case, Martinez has failed to present any competent summary judgment evidence to show that he was actively mislead in any way or otherwise prevented from asserting his rights in a timely fashion. *Furthermore, the undersigned finds no authority to suggest that the pendency of a TCJS investigation, which examines whether state jail standards have been violated, serves as a bases to equitably toll the limitations period under Texas law.* Accordingly. even when construing the facts in favor of Martinez, he has failed to demonstrate a genuine issue of fact as to whether he is entitled to equitable tolling for the period of time the TCJS investigation was pending. Martinez, therefore, has failed to show any entitlement to equitable tolling under a theory of "state action delay.""

Dkt. No. 74 at 14 (emphasis added)

The Court **DECLINES TO ADOPT** this statement of law. There are Fifth Circuit cases directly on point for the issue of tolling for administrative exhaustion. When a civil rights suit is brought by an incarcerated person, the statute of limitations is tolled during the time that the claimant is exhausting their available administrative remedies. *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (tolling the statute of limitations period for the time plaintiff exhausted his prison system administrative remedies) (citing *Rodriguez v. Holmes*, 963 F.2d 799 (5th Cir. 1992)); *see Wisniewski v. Fisher*, 857 F.3d 152, 158 (3d Cir. 2017) (holding the district court erred in dismissing § 1983 claims without considering if the plaintiff

properly exhausted administrative remedies and the extent the limitations period should be tolled).

A failure to exhaust prevents a Court from acting on a plaintiff's action. *Harris*, 198 F.3d at 158. A plaintiff "could not file this federal civil rights suit until he exhausted the available state administrative remedies, as section 1997e requires. This exhaustion requirement functioned as a 'legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action.'" *Id.* "This doctrine, probably founded on the principles of equity, justice, fairness, or even natural law suspends the running of prescription when the 'plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'" *Id.* The Court in *Rodriguez* found this equitable tolling principle appears in Texas law as well. *Rodriguez*, 963 F.2d at 804. (citing *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex.1991)). The Texas tolling rule means "[t]he time during which the litigant is pursuing the available state remedies would toll the statute of limitations, thus allowing the litigant to return to federal court within the limitations period." *Rodriguez*, 963 F.2d at 805.

Administrative processes and prison investigations can be complex and lengthy. It is reasonable to infer that a complex investigation could stretch out for months or years. Without the doctrine stated in *Harris* and *Rodriguez*, claimants could be effectively barred from bringing suit by following the mandatory exhaustion procedures which last longer than a statute of limitations period. *Harris*, 198 F.3d at 158; *Rodriguez*, 963 F.2d at 804. Justice demands tolling for administrative exhaustion. *See id.*

Defendants' summary judgment evidence has established that the filing date of the complaint was May 30, 2018, when Martinez deposited into the mail. Dkt No. 50-1 at 54. As M&R 2 states, Martinez's claims accrued on April 11, 2016 and May 26, 2016. Dkt. No. 74 at 10. As also stated in M&R 2, Martinez claims he filed his complaint with TCJS on December 1, 2016 and the investigation ended 70 days later on February 9, 2017. *Id.* at 14. Martinez has produced competent summary judgment evidence regarding the conclusion of the TCJS investigation. Dkt. No. 28-

3 at 3. Under Rule 56(d)(2) he is entitled to conduct discovery in order to obtain evidence of the date of his filing to prompt the TCJS investigation. *See* Fed. R. Civ. P. 56(d)(2). This date would establish the length of the tolling of his claim. *See Harris*, 198 F.3d at 158; *Rodriguez*, 963 F.2d at 804.

The statute of limitations is an affirmative defense that puts the burden of proof on the party pleading it. *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011). A complaint can be dismissed if the allegations demonstrate that the plaintiff's claims are barred and fail to raise some basis for tolling. *Id.* Because Plaintiff has both produced in his complaint and in his opposition to summary judgment evidence that demonstrates a basis for tolling, Defendants have not produced evidence showing the absence of a genuine issue of material fact regarding the statute of limitations for Martinez's claims. *See id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323; *See Harris*, 198 F.3d at 158. The Court concludes a genuine issue of material fact exists regarding the statute of limitations period and its tolling. *See id.*; Dkt. Nos. 74 at 14, 28-3 at 3. The Court **DENIES** Defendant's motion for summary judgment, Dkt. No. 50.

## VII. Conclusion

The Court independently reviewed the record and considered the applicable law. The Court conducted a de novo review of objected to portions of M&R 1 and M&R 2. After review, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** M&R 1. Dkt No. 32. The Court **DECLINES TO ADOPT** M&R 2. Dkt. No. 74, and **DENIES** Defendant's motion for summary judgment, Dkt. No. 50.

In summary, the Court **DECLINES** to find that Martinez's claims are barred by the statute of limitations. The Court **RETAINS** Plaintiff's Eighth Amendment deliberate indifference claims with regard to (1) bedding supplies, (2) unsanitary conditions (3) insufficient food against Perales and Zapata. The Court substitutes Nueces County in place of Nueces County Sheriff's Office/Jail as a party defendant in this case. The Court **DISMISSES** Plaintiff's claims for money damages against certain defendants in their official capacities as barred by the Eleventh Amendment. The Court **DISMISSES** Plaintiff's claims for declaratory and

injunctive relief against all Defendants because it is moot by Plaintiff's transfer to a TDCJ facility. The Court **DISMISSES** Plaintiffs remaining claims against all other Defendant's as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

SIGNED this 13th day of January, 2020.

Hilda Tagle
Senior United States District Judge